Shelton C. SHARPE, Appellant,

v.

PHILADELPHIA HOUSING AUTHORITY, Appellee.

No. 82–1050.

United States Court of Appeals, Third Circuit.

Argued July 21, 1982.

Decided Nov. 15, 1982.

---

Vernon A. McInnis, (argued), Philadelphia, Pa., for appellant.

Harold L. Frank, (argued), Philadelphia, Pa., for appellee.

Before ADAMS and HIGGINBOTHAM, Circuit Judges, and TEITELBAUM,* District Judge.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This is an appeal from the district court's dismissal of the plaintiff's complaint under the Age Discrimination in Employment Act (ADEA), Pub.L. 90–202, 81 Stat. 602 (1967), *as amended,* Pub.L. 95–256, 92 Stat. 189 (1978), 29 U.S.C. § 621 *et seq.* (1982). The district court's granting of the defendant's motion to dismiss was based upon its conclusion that the plaintiff's filing of a charge of unlawful age discrimination with the Equal Employment Opportunity Commission (EEOC) was untimely under 29 U.S.C. § 626(d)(2). We will affirm the district court in part, but we must remand for further proceedings on one aspect of the case.

We accept as true the allegations of the plaintiff's complaint, as we must in reviewing the granting of a motion to dismiss under Rule 12(b)(6), F.R.Civ.P. Plaintiff

Shelton C. Sharpe alleges that he was hired by defendant Philadelphia Housing Authority (PHA) in 1970, as a Housing Patrolman. By 1973, Sharpe, then fifty years old, had attained the rank of Captain in the Housing Police Department. However, in 1975, Sharpe was demoted to Lieutenant, allegedly because such a reduction in rank was, according to his employer, "good for an old man." On January 19, 1979, Sharpe was again demoted, from Lieutenant to Sergeant. Finally, on August 1, 1979, Sharpe was informed of PHA's intention to terminate his employment, effective August 15, 1979.

Sharpe left work as of August 15, 1979, but continued an administrative appeal of his discharge within PHA. Nearly a year and a half later, on January 29, 1981, PHA offered to reinstate Sharpe as a patrolman, which offer Sharpe rejected. PHA then denied Sharpe's appeal of his termination and notified him on January 29, 1981, that the August 15, 1979 discharge would stand. Sharpe was fifty-eight years old at that time.

On July 1, 1981 Sharpe filed a charge with the EEOC alleging age discrimination in employment, and on August 14, 1981, he filed this civil action in the district court. The defendant moved to dismiss on the grounds that (1) Sharpe's administrative charge was not timely filed; (2) service of process was defective; (3) the complaint failed to state a claim on which relief could be granted. The district court granted the motion to dismiss on the first ground only, that is, for the plaintiff's asserted failure to file timely a charge with the EEOC.

The ADEA includes time limits during which administrative charges must be filed and during which civil suits must be commenced. The time limits for commencing *suit* were not asserted as defenses in this case[1]; rather, the defendant relied upon

---

\* Honorable Hubert I. Teitelbaum, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. 29 U.S.C. § 255(a) (as adopted for application to ADEA suits by 29 U.S.C. § 626(e)) requires ADEA suits to be brought within two years of the accrual of the cause of action. The principal act of discrimination of which the plaintiff complains (his discharge) occurred in August, 1979 (either on August 1, 1979, or August 15, 1979), and suit was filed on August 14, 1981.

the limitation periods governing administrative filing, 29 U.S.C. § 626(d)(1) and (2). Those sections read as follows:

§ 626(d). No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which § 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.[2]

29 U.S.C. § 633(b) provides in pertinent part:

(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . .

It is undisputed that Pennsylvania is a "deferral" state for purposes of § 633(b), and that the plaintiff was therefore entitled to the longer limitations period set forth in 29 U.S.C. § 626(d)(2).[3]

We are obliged, therefore, to determine whether Sharpe's charge was filed with the EEOC within 300 days of the alleged discriminatory acts, as required by § 626(d)(2). Sharpe argues (1) that his discharge from employment was not a final decision, and hence not a completed discriminatory act, until January 29, 1981, the date his appeal was denied; and (2) the limitations period should be tolled for that period of time that PHA, by permitting appeal of its decision, held out hopes of re-employment. *Cf., Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 193 (3d Cir.1977), *cert. denied,* 439 U.S.

---

The defendant, however, did not challenge the timeliness of suit under 29 U.S.C. § 255(a), either here or in the district court. The ADEA also prohibits the bringing of suit until 60 days *after* the filing either of a federal or state administrative charge. 29 U.S.C. §§ 626(d), 633(b). Although the plaintiff did not wait for 60 days to elapse after his administrative charge was filed before he filed his civil suit, the defendant did not expressly challenge the plaintiff's failure to wait the required 60 days. Rather, PHA cited § 626(d) to the district court in connection only with its argument that the plaintiff's claim was barred for failure to file an administrative charge within 180 days of the alleged discriminatory acts. The defendant, in short, did not challenge the timeliness of *suit* at all. Moreover, PHA's motion to dismiss was filed after 60 days had elapsed from the filing of administrative charges, and the district court's ruling on the motion was rendered some five and one half months after the Pennsylvania Human Relations Commission would have been advised of Sharpe's charges. Thus, we conclude: (1) The district court effectively complied with the mandate of *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 764–65, 99 S.Ct. 2066, 2075–2076, 60 L.Ed.2d 609 (1978) (requiring the district court to defer to the state agency for up to 60 days where that period has not elapsed at the filing of suit); (2) the district court did not err in finding that § 255(a) did not bar suit, and in not addressing the 60-day pre-suit waiting period, because the defenses, if available, were waived. *See, e.g., Mohasco Corp. v. Silver,* 447 U.S. 807, 811 n. 9, 100 S.Ct. 2486, 2490 n. 9, 65 L.Ed.2d 532 (1980).

2. Section 2 of President Carter's 1978 Reorganization Plan No. 1, 43 F.R. 19807, 92 Stat. 3781, transferred all functions related to age discrimination administration and enforcement from the Secretary of Labor to the Equal Employment Opportunity Commission.

3. We agree with the district court that "[s]ince EEOC regulations require that all complaints of discrimination received by the Agency must be forwarded immediately to appropriate state agencies, deference to deferral state administrative procedures would appear to be automatic." App.16. Because the defendant has not challenged the district court's presumption, and because the plaintiff would, if necessary, have the opportunity on remand to cure any failure on the part of the EEOC to forward the complaint to the appropriate state agency, *see Oscar Mayer & Co. v. Evans, supra* note 1, 441 U.S. at 764–65, 99 S.Ct. at 2075–2076, we will assume that the Pennsylvania Human Rights Commission did indeed receive the plaintiff's administrative charge pursuant to the EEOC regulations.

821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). He thus asserts that his July 1, 1981 administrative charge was timely in all respects. Sharpe's argument, however logical it may be, is foreclosed by *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), which held:

> In sum, the ... alleged discrimination occurred—and the filing limitations therefore commenced—at the time the tenure decision was made and communicated to Ricks. That is so even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later.
>
> . . . .
>
> [The College's] entertaining a grievance complaining of the tenure decision does not suggest that the earlier decision was in any respect tentative. The grievance procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made.... The existence of careful procedures to assure fairness in the tenure decision should not obscure the principle that limitations periods normally commence when the employer's decision is made....

449 U.S. at 258, 261, 101 S.Ct. at 504–505, 506 (footnotes and citations omitted, emphases in original). Although *Ricks* does not squarely dispose of Sharpe's tolling suggestion, we find no allegations of induced reliance on promises, lack of clarity in communicating the termination, or other conduct on the part of PHA which would permit even an inference that equitable tolling might be proper in this case. *See, Hart v. J.T. Baker Chemical Corp.,* 598 F.2d 829 (3d Cir.1979); *Bonham v. Dresser Industries, Inc., supra.* Thus, *Ricks* cannot be meaningfully distinguished on the limitations question. Indeed, Sharpe's argument for the later date is not even as strong as that made by Ricks, because Sharpe was not working for PHA while his "in-house" appeal was pending, and thus he had begun to suffer the effects of PHA's August, 1979 decision to terminate him nearly two years before his administrative charges of discrimination were filed with the EEOC.

Because every discriminatory event alleged by Sharpe, save one, occurred before September 5, 1980 (300 days before July 1, 1981), all but one of Sharpe's allegations of discrimination were, under current law, correctly held by the district court to be time-barred. The one exception requires us to remand for further proceedings.

Sharpe alleged in paragraphs 16, 17 and 18 of his complaint as follows:

16. On January 29, 1981, plaintiff was informed by defendant that plaintiff would be reinstated to patrolman, however, only on the condition that plaintiff waive back pay compensation, and without making a determination on plaintiff's original appeal regarding his demotion to Sergeant. Plaintiff rejected this offer.
17. Defendant does not treat younger men in a similar manner.
18. In 1979, Joseph Kennedy, approximately thirty years of age, was demoted from Sergeant to Patrolman for being intoxicated on duty. He protested his demotion and was promoted by defendant to Lieutenant.

Sharpe thus squarely alleges that he was discriminated against on the basis of his age with respect to the "conditions ... of [his] employment", 29 U.S.C. § 623(a)(1), *i.e.,* the manner in which the *appeals* of his last demotion and his discharge were treated. *Ricks* makes clear that such a claim is actionable:

> In order for the limitations period to commence with the date of discharge, Ricks would have had to allege and prove that the *manner* in which his employment was terminated differed discriminatorily from the manner in which the College terminated other professors who had also been denied tenure.

449 U.S. at 258, 101 S.Ct. at 504 (emphasis supplied).

Although Sharpe's complaint was not a model of clarity, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Sharpe's allegations concerning PHA's treatment of his appeal could conceivably support recovery under the ADEA.

We emphasize that Sharpe will not be permitted to prove that age discrimination motivated PHA's decision to terminate him in August, 1979. Rather, Sharpe's claim is now limited to PHA's allegedly discriminatory acts within the limitations period with respect to his "in-house" appeals.[4] Whatever obstacles there may be in establishing such a claim, Sharpe nevertheless should be afforded the opportunity to proceed upon it.

We will affirm the order of the district court in part, but we will remand for further proceedings consistent with this opinion.

---

4. As we view the record, the plaintiff cannot assert a claim under the ADEA for any discrimination which took place prior to September 5, 1980 (300 days before Sharpe's July 1, 1981 complaint was filed with the EEOC). Thus the *only* issue remaining is whether any act by PHA on or after September 5, 1980, violated the ADEA.