KOCIAN, Charlotte T.

v.

**GETTY REFINING & MARKETING COMPANY**

**Appeal of Charlotte KOCIAN.**

No. 82–1246.

United States Court of Appeals, Third Circuit.

Argued Dec. 16, 1982.

Decided May 12, 1983.

As Amended May 17, 1983.

Rehearing and Rehearing In Banc Denied June 7, 1983.

Amended Denial of Rehearing and Rehearing In Banc June 15, 1983.

Alice W. Ballard (argued), Samuel & Ballard, Philadelphia, Pa., Steven K. Kudatzky, Tomar, Parks, Seliger, Simonoff & Adourian, Haddonfield, N.J., for appellant.

Steven B. Feirson (argued), Alan D. Berkowitz, Dechert Price & Rhoads, Philadelphia, Pa., for appellees.

Before HUNTER, GARTH, Circuit Judges, and STERN,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Charlotte T. Kocian filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging that her employer, Getty Refining and Marketing Company ("Getty"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1976 & Supp. III 1979). Getty filed a motion for summary judgment as-

---

* Hon. Herbert J. Stern, United States District Judge for the District of New Jersey, sitting by

serting that Ms. Kocian's action was barred by the statute of limitations in 42 U.S.C. § 2000e–5(e) (1976). The district judge granted Getty's motion, and Ms. Kocian appeals. We will affirm.

## I. Background

Ms. Kocian was employed by Getty as a chemical engineer at its Delaware City, Delaware refinery from October 29, 1979, until February 16, 1980. She alleges, *inter alia,* that on February 16, 1980, she was "constructively discharged" after a dispute with her supervisor.

Ms. Kocian went to the Philadelphia area Equal Opportunity Commission ("EEOC") to file a discrimination charge against Getty on May 19, 1980. The office closed before she could see a counselor, but she did fill out a preliminary intake form. She was told that a counselor would be in touch with her.

Ms. Kocian retained counsel (not her counsel in this appeal) and first met with her on August 4, 1980, 170 days after the discharge. She returned with her lawyer to the EEOC office on August 11, 1980, 177 days after her discharge. Ms. Kocian, her lawyer, and an EEOC intake officer began drafting her charge but did not complete their drafting on that day.

On the following day the EEOC officer called Ms. Kocian to read her his completed proposed charge and to indicate that he would mail it to her for her signature. On August 15, 1980, the 181st day after the discharge, he mailed the "potential charge" to Ms. Kocian and told her to review it, sign it, and return it to the EEOC "[i]n order for the Commission to proceed any further." App. at 60a. He also stated that "[b]ecause a charge must be filed within the time limitation imposed by law, I urge you to complete these three steps as soon as possible." *Id.*

Ms. Kocian and her attorney reviewed the proposed charge and decided to make some

designation.

corrections. They drafted another charge and mailed it to the EEOC officer on August 28, 1980. They instructed him either to use their draft or to incorporate their corrections into his initial proposed charge. He returned the corrected charge for Ms. Kocian's signature on September 4, 1980, and again indicated that she should return the charge immediately because "a charge must be filed within the time limitations imposed by law." App. at 57a. Ms. Kocian signed the formal charge and mailed it to the EEOC on September 8, 1980, 205 days after Ms. Kocian's discharge. The EEOC's time stamp indicates that the EEOC did not receive the charge until October 3, 1980. Thus Ms. Kocian's formal charge was not filed with the EEOC until 230 days after the date of the last act of discrimination against her.

Ms. Kocian never filed a charge with the Delaware Department of Labor, the state deferral agency approved by the EEOC. *See* 42 U.S.C. § 2000e–5(c) (1976). The EEOC did not defer Ms. Kocian's charge to the state agency because the agency's ninety-day statute of limitations had run. The affidavit of Johnny J. Butler, District Director of the EEOC, which was submitted by Ms. Kocian in opposition to Getty's motion for summary judgment, states as follows:

> Pursuant to the Rules and Regulations of the Commission and the procedures in the Commission's Compliance Manual, no copy of [Ms. Kocian's] charge was sent to the Delaware Department of Labor because more than ninety (90) days had passed since the complained of event; and this agency has a ninety (90) day filing period. This was the proper procedure at the time.

App. at 61a–62a.

On March 31, 1981, the EEOC issued a Right to Sue Letter to Ms. Kocian, and she filed suit in district court within ninety days of receipt of that letter. Getty then filed a motion for summary judgment arguing that Ms. Kocian had not filed her charge with the EEOC within 180 days of the date of the last act of discrimination against her as 42 U.S.C. § 2000e–5(e) (1976) requires.[1] The district court granted Getty's motion and entered judgment against Ms. Kocian.

## II. Discussion

Section 706(d) of Title VII reads in pertinent part:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred. ...

42 U.S.C. § 2000e–5(e) (1976). On appeal Ms. Kocian argues that her filing was timely because that statute allows her 300 days to file a charge with the EEOC. In the alternative she argues that even if the 180-day period applies, the circumstances of her case warrant an equitable tolling of the statute of limitations.

### A. The Applicable Limitations Period

 Ms. Kocian argues that the applicable limitations period for filing with the EEOC is 300 days. She asserts that her charge filed on October 3, 1980, 230 days

---

1. Getty never raised Ms. Kocian's failure to defer to the state pursuant to 42 U.S.C. § 2000e–5(c) (1976) as an independent ground for dismissing her action. *Cf. Cannon v. Delaware,* 523 F.Supp. 341 (D.Del.1981) (plaintiff filed her charge with the EEOC within 180 days, but defendant sought dismissal for failure to exhaust state remedies). We therefore do not consider that failure except as it relates to

after her discharge, is therefore timely.[2] Getty contends, however, that the 300-day limitations period for filing with the EEOC only applies in deferral states when proceedings have been instituted in the state or local agency. Getty argues that because neither Ms. Kocian nor the EEOC instituted proceedings with the Delaware Department of Labor, Kocian is not entitled to the extended 300-day time period. We agree.

The plain language of the statute supports Getty's position. The statute makes clear that the 300-day period applies only when "the person aggrieved has initially instituted proceedings with a State or local agency." 42 U.S.C. § 2000e–5(e) (1976).

■ The purpose behind the extended 300-day limitations period also supports Getty's position. In *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) the Supreme Court stated

> The [legislative] history identifies only one reason for treating workers in deferral States differently from workers in other States: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated.

*Id.* at 821, 100 S.Ct. at 2494. Here, the purpose in allowing the extended limitations period has not been served because the state agency had no opportunity to address Ms. Kocian's claim. To allow a Title VII litigant the benefit of the extended limitations period merely because she fortuitously works in a deferral state would ignore the plain language of the statute and its legislative purpose. Thus a litigant who does not "initially institute" proceedings in the state agency is not entitled to the 300-day

limitations period. *Dixon v. Montgomery County,* 23 Fair Empl.Prac.Cas. (BNA) 865, 867 (D.Md.1980); *see Bronze Shields, Inc. v. New Jersey Department of Civil Service,* 667 F.2d 1074, 1080 n. 14 (3d Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982); *Hart v. J.T. Baker Chemical Corp.,* 598 F.2d 829, 834 (3d Cir. 1979).

■ The Supreme Court has long sanctioned the EEOC's practice of instituting proceedings in state or local agencies on behalf of Title VII plaintiffs. *Love v. Pullman Co.,* 404 U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972). In *Mohasco Corp. v. Silver,* 447 U.S. at 816–17, 100 S.Ct. at 2492–2493, the Supreme Court held that if the EEOC institutes such a proceeding, the litigant is entitled to the 300-day statute of limitations for filing with the EEOC. In the instant case, however, the EEOC did not defer Ms. Kocian's charge because the ninety-day state statute of limitations had already run.

Ms. Kocian argues that if the EEOC had deferred her charge to the state agency, even though it would have been untimely, she would have been entitled to the 300-day period. She asserts that we should not allow the inaction of the EEOC to prejudice her federal rights. Accordingly she urges us to hold that she is entitled to the 300-day limitations period as a matter of law.

We agree that if the EEOC had deferred her charge she would have been entitled to the 300-day period. Relying on *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), we have held that an Age Discrimination in Employment Act ("ADEA") plaintiff was entitled to the 300-day limitations period even though his

the applicable statute of limitations in 42 U.S.C. § 2000e–5(e) (1976).

**2.** Neither party disputes that October 3, 1980, is the date when Ms. Kocian's charge was filed. EEOC regulations at the time indicated that a charge had to be in writing and signed. 29 C.F.R. § 1601.9 (1982). The timeliness of such a charge was measured by the date when it was received by the Commission. 29 C.F.R. § 1601.13(a) (1982). *See Johnson v. Host Enterprises,* 470 F.Supp. 381, 383 (E.D.Pa.1979).

Neither party can explain the delay of almost one month between Ms. Kocian's mailing of the signed charge on September 8, 1980, and the EEOC's receipt of the charge on October 3, 1980. However, even if we deem the charge "filed" on its mailing date to avoid penalizing Ms. Kocian for mail delays, the charge was still filed past the 180-day period. September 8, 1980, is 205 days after Ms. Kocian's discharge.

filing in the state agency was untimely. *Davis v. Calgon Corp.*, 627 F.2d 674, 675 (3d Cir.1980) (per curiam), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981).[3] *See Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200, 1202–04 (6th Cir.1982).[4]

However, the EEOC was not obligated under its then-existing regulations to defer Ms. Kocian's charge.[5] Although the Supreme Court has sanctioned the EEOC's policy of deferring claims to state and local agencies, *Love,* 404 U.S. at 525, 92 S.Ct. at 618, *Mohasco,* 447 U.S. at 815–17, 100 S.Ct. at 2491–2492, it has never held that Title VII mandates such EEOC deferrals. Indeed the statute puts the primary responsibility for deferral on the litigant. Section 706(d) states that the 180-day filing period applies unless "the *person aggrieved* has initially instituted proceedings with a State

or local agency." 42 U.S.C. § 2000e–5(e) (1976) (emphasis added). We thus reject Ms. Kocian's argument that if we hold that the 180-day period applies here, we are allowing the inaction of the EEOC to prejudice her federal rights. Ms. Kocian herself could have preserved her federal rights if *she* had filed her charge with the Delaware Department of Labor. In light of the plain language of the statute and its legislative purpose, we hold that the 300-day limitations period is available to a litigant in a deferral state only when the EEOC or the litigant has instituted state or local proceedings.[6]

## B. Equitable Tolling

■ Because we find that the 300-day period does not apply, we next turn to Ms.

---

3. Because of similarities of purpose and structure between Title VII and the ADEA, the two statutes have been given parallel constructions. *See Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Hart,* 598 F.2d at 831 n. 5.

4. The EEOC has changed its regulations in response to *Mohasco* and *Oscar Mayer.* 45 Fed. Reg. 81040 (1980); 46 Fed.Reg. 43037 (1981). 29 C.F.R. § 1601.13(a)(3) (1982) now provides as follows:

> Charges arising in jurisdictions having a [state deferral agency] but which charges are apparently untimely under the applicable state or local statute of limitations are filed with the Commission upon receipt. Such charges are timely filed if received by the Commission within 300 days from the date of the alleged violation. Copies of all such charges will be forwarded to the appropriate [deferral agency].

The new regulation indicates that the EEOC will now forward charges to the state agencies, even though untimely, to allow the state agencies to consider the charges if they so desire. Consistent with *Oscar Mayer,* federal claimants will be entitled to the 300-day period for filing with the EEOC, even if the state filing is untimely. The new regulations became effective on an interim basis on December 9, 1980, 45 Fed.Reg. 81040 (1980), and became final on August 26, 1981, 46 Fed.Reg. 43037 (1981). Those regulations were not in effect at the time Ms. Kocian's charge was filed with the EEOC.

5. In response to Getty's motion for summary judgment, Ms. Kocian submitted the affidavit of the EEOC director in which he stated that the EEOC had complied with all its regulations in not deferring Ms. Kocian's charge. Because

Ms. Kocian argued in the district court that the EEOC complied with its deferral regulations, we will not now entertain any argument that she might be making to the contrary. *Cf. Singleton v. Wulff,* 428 U.S. 106, 119–21, 96 S.Ct. 2868, 2876–2877, 49 L.Ed.2d 826 (1976) (ordinarily inappropriate for appellate courts to consider arguments that were not raised below); *Newark Morning Ledger Co. v. United States,* 539 F.2d 929, 932 (3d Cir.1976) (same).

6. *Sharpe v. Philadelphia Housing Auth.,* 693 F.2d 24 (3d Cir.1982), arising under the parallel limitations provisions of the ADEA, is not to the contrary. In that case there was no indication that the plaintiff had filed a charge with the Pennsylvania deferral agency. The *Sharpe* court nonetheless concluded that the 300-day limitations period applied because it "assume[d] that the Pennsylvania Human Rights Commission did indeed receive the plaintiff's administrative charge pursuant to the EEOC regulations." *Id.* at 26 n. 3. The court explained that it was undisputed on appeal that EEOC regulations required deferral by the EEOC to the appropriate state agency. *Id.*

The instant case presents quite a different scenario. The affidavit which Ms. Kocian herself submitted to the district court makes it clear that EEOC regulations at the time did not require it to defer Ms. Kocian's charge. In this case the failure to defer to the state agency is not attributable to the EEOC's failure to follow its own regulations. Thus we cannot hold that the 300-day limitations period applies here because we cannot "assume," as the *Sharpe* court could, that the EEOC made the appropriate deferral according to its regulations.

Kocian's argument that we should toll the running of the statute of limitations on equitable grounds. *See Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1132–1135, 71 L.Ed.2d 234 (1982); *Hart v. J.I. Baker Chemical Corp.,* 598 F.2d 829, 831 (3d Cir.1979); *cf. Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir.), *cert. denied,* 429 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) (equitable tolling appropriate under ADEA).

Ms. Kocian argues that in spite of numerous personal difficulties,[7] she made "earnest and prompt efforts" to comply with the statute. She made two visits to the EEOC office, one on May 19, 1980, 93 days after her constructive discharge and one on August 11, 1980, 177 days after her discharge. Ms. Kocian further argues that equitable tolling is appropriate because the EEOC's actions during and after that period misled her into believing that her charge was timely.

Relying on *Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), we have specified three principal, though not exclusive, situations where equitable tolling may be appropriate. In *School District v. Marshall,* 657 F.2d 16 (3d Cir.1981) (involving Toxic Substances Control Act but relying on Title VII case law), we indicated that equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has "in some extraordinary way" been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Id.* at 20 (citation omitted). We also noted in *Mar-*

*shall* that "restrictions on equitable tolling ... must be scrupulously observed." *Id.* at 19.

In this case Ms. Kocian never filed a timely claim in any forum, and she has never claimed that Getty misled her in any way. To justify equitable tolling we must conclude that Ms. Kocian was prevented "in some extraordinary way" from timely filing her claim because of her personal problems or because of the conduct of the EEOC.[8]

We note at the outset that Ms. Kocian's affidavit indicates that she knew that she must comply with the 180-day limitations period. App. at 45a–46a. She admits that that knowledge caused her initially to visit the EEOC within the 180-day period. In spite of that knowledge, however, she and her lawyer delayed beyond 180 days in completing her formal charge. Without more we would not equitably toll the statute simply because Ms. Kocian alleges that personal problems prevented her from filing a timely charge. Although sympathetic to Ms. Kocian's personal problems, we do not find them to be "extraordinary" circumstances preventing a timely filing.

In this case, however, Ms. Kocian alleges that there was conduct on the part of the EEOC which misled her. The first misrepresentation to which Ms. Kocian points is a letter from the EEOC counselor dated August 15, 1980, 181 days after her discharge. In that letter the EEOC advised her to review, sign and return the proposed charge expeditiously because "a charge must be filed within the time limitation imposed by law." App. at 60a. She further points to another letter from the EEOC with similar

---

7. Ms. Kocian explains that after her constructive discharge on February 16, 1980, she was forced to search for a new job while caring for her minor child and her seriously ill mother. She also states that she was forced to seek professional counseling as a result of her discharge.

8. It is not clear whether Ms. Kocian is now arguing on appeal that the EEOC's failure to defer her charge constitutes grounds for equitable tolling. *See Roberts v. Arizona Bd. of Regents,* 661 F.2d 796 (9th Cir.1981). To the extent that Ms. Kocian is now raising that argument, we reject it for two reasons. First,

Ms. Kocian argued below that the EEOC followed all its regulations regarding the deferral of charges. *See* note 5 *supra.* Second, there is no indication that the EEOC misled Ms. Kocian into thinking that it would defer her charge nor is there any indication that Ms. Kocian relied on the EEOC to make the deferral. In her affidavit Ms. Kocian specifically states that she had no knowledge of the deferral policies of the EEOC. App. at 45a. In the absence of a procedural violation by the EEOC and in the absence of any reliance on Ms. Kocian's part, we see no grounds for equitable tolling.

language dated September 4, 1980, 201 days after her discharge. Ms. Kocian argues that these letters, coupled with the EEOC's continued processing of her charge, reasonably led her to believe that her charge was timely. She asserts that those actions indicate that the EEOC was applying the 300-day rather than the 180-day filing period.[9] Getty argues that the EEOC's conduct before the expiration of 180 days was not misleading. It argues further that the EEOC's letters, which contained no false information and which were mailed after the expiration of 180 days, could not have been responsible for Ms. Kocian's delay. Brief for Appellee at 13 n. 4.

Our examination of the facts in this case supports Getty's position. Ms. Kocian, her lawyer, and the EEOC counselor began drafting the charge on the 177th day. On the 178th day the EEOC counselor called Ms. Kocian to read to her the proposed charge that he had completed for her. He stated that he would mail it to her for her signature. He did not mail the charge to her, however, until the 181st day. Had Ms. Kocian simply signed and returned the charge to the EEOC without further delay, a different picture might have been presented. Ms. Kocian could have argued that the fact that the charge was several days past the 180 day limit was more because of bureaucratic delay than because of her own neglect. Indeed she would have essentially completed all of her responsibilities in filing the charge, except for formally signing it, within 180 days.

When Ms. Kocian received the charge in the mail, however, she did not immediately sign and return it. She and her attorney spent well over a week making corrections in the proposed charge. There is no indication that they contacted the EEOC during that period concerning the delay, in spite of the language in the EEOC's letter advising them to proceed quickly. On August 28, 1980, 194 days after the discharge, they sent another charge to the EEOC counselor and asked him either to use their charge or to draft another charge reflecting their corrections. He responded on September 4, 1980, the 201st day, with a corrected charge for Ms. Kocian's signature. Ms. Kocian mailed the signed charge back to him on September 8, 1980, the 205th day. The EEOC did not receive the charge until October 3, 1980, the 230th day.

We first note that Ms. Kocian points to no EEOC conduct before the EEOC's August 15 letter that could have misled her. The crux of the equitable tolling argument thus becomes whether the language of the letter of August 15 misled Ms. Kocian to delay further the filing of her formal charge. All EEOC conduct subsequent to the August 15 letter could have lulled her into believing that her charge was timely but could not have caused her late filing.

We do not read the EEOC's August 15 letter as providing justification for Ms. Kocian's delay. Ms. Kocian points to only one sentence in that letter as being misleading —"Because a charge must be filed within the time limitation imposed by law, I urge you to [review, sign, and return the charge] as soon as possible." App. at 60a. That sentence contained no false statement about the applicable statute of limitations. It merely advised Ms. Kocian to proceed expeditiously. It did not give her any reason to believe that the EEOC considered the enclosed charge to be formally filed and that she was thus free to make corrections without endangering the timeliness of her charge. The letter referred to her charge as a "potential charge" and noted that "for the Commission to proceed further," she ·must return the charge with her signature.

9. If the EEOC was applying the 300-day period, it was acting inconsistently with its own regulations. See 29 C.F.R. § 1601.13(d)(2) (ii) (1980). In any event the EEOC's belief as to the timeliness of a charge is not determinative. Goldman v. Sears, Roebuck & Co., 607 F.2d 1014, 1017 (1st Cir.1979) cert. denied, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1304 (5th Cir.1979); Weise v. Syracuse University, 522 F.2d 397, 413 (2nd Cir.1975); Macklin v. Spector Freight Systems, 478 F.2d 979, 986 (D.C.Cir.1973). However, if the EEOC's conduct actually misled Ms. Kocian to delay her filing, those beliefs and actions may justify equitable tolling.

Ms. Kocian's arguments would be more appealing if she had been an inexperienced litigant proceeding pro se. We have noted that equitable tolling is particularly appropriate in cases involving "lay persons unfamiliar with the complexities of the administrative procedures." *Hart,* 598 F.2d at 832; *see Bronze Shields,* 667 F.2d at 1085. We have distinguished those cases, however, from cases such as this one involving Title VII litigants who are represented by counsel. *Id.; see also Perez v. Dana Corp.,* 545 F.Supp. 950, 953 (E.D.Pa.1982) (equitable tolling inappropriate if plaintiff had counsel); *Tobin v. Trans Union Systems Corp.,* 488 F.Supp. 622, 628 (E.D.Pa.1980) (same); *accord Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109–10 (2d Cir.1978); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1200 n. 8 (5th Cir.1975). *But see Cacchione v. Erie Technological Products, Inc.,* 526 F.Supp. 272, 275 (W.D.Pa.1981). In this case Ms. Kocian admitted that she knew of the 180-day limitations period because she had filed a charge against a previous employer. We presume that her lawyer knew of the statute of limitations as well. We see no misrepresentations on the part of the EEOC that could have caused Ms. Kocian's delay.[10] We therefore see no justification for equitable tolling.

Under these facts, therefore, we hold that there were no "extraordinary" circumstances preventing Ms. Kocian from timely filing her charge. In so holding we are mindful of the Supreme Court's language in *Mohasco* that, whatever the merits of a particular case, "experience teaches us that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. at 826, 100 S.Ct. at 2497.

*III. Conclusion*

We find that no genuine issues of material fact exist in this case, and that Getty is entitled to judgment as a matter of law. We will accordingly affirm the order of the district court granting summary judgment in favor of Getty.

STERN, District Judge, dissenting.

Had the current regulations governing filing in deferral states been in effect when plaintiff filed her charge with the EEOC in October of 1980, the majority concedes that plaintiff's federal remedy would not be time barred. *See* C.F.R. § 1601.13(a)(3) (1982); Maj. op. at 752 n. 4. In trying to understand why the majority reaches out to block plaintiff's case from being heard on the merits, I can only conclude that its decision is based solely on the fact that filing regulations in effect on October 3, 1980 regarding deferral states did not require the EEOC to defer a charge filed with its office between 180 and 300 days from the last date of discrimination if the state or local filing period had expired. Because the filing regulations at the time plaintiff filed her charge were inconsistent with then-existing Supreme Court interpretations of § 706(c) and (e), and because the majority

---

10. The cases relied on by Ms. Kocian, *DeMatteis v. Eastman Kodak Co.,* 520 F.2d 409 (2d Cir.1975), *Geronymo v. Joseph Horne Co.,* 440 F.Supp. 1157 (W.D.Pa.1977), and *Garvin v. American Life Ins. Co.,* 416 F.Supp. 1087 (D.Del.1976), are all distinguishable. They involve clear misrepresentations in letters sent to plaintiffs by the EEOC concerning the 90-day deadline for filing suit in federal court. Those courts required some evidence that plaintiffs actually had been misled by the erroneous information from the EEOC before the courts allowed the plaintiffs' untimely actions to continue. *DeMatteis,* 520 F.2d at 410–11; *Geronymo,* 440 F.Supp. at 1160–61; *Garvin,* 416 F.Supp. at 1090–91. In the instant case we find no clear misrepresentations by the EEOC that

could have misled Ms. Kocian to delay her filing beyond 180 days.

*Jennings v. American Postal Workers Union,* 672 F.2d 712 (8th Cir.1982), is also distinguishable. There the court remanded for a determination as to whether an uncounseled plaintiff's unsuccessful attempts to file a charge with the EEOC were made within the 180-day period. The cause for the remand, however, was the EEOC's refusal to process the charge because of the agency's erroneous belief that it had no jurisdiction over the federal employee's claim. *Id.* at 714–15. In the instant case there is no allegation that the EEOC refused to process Ms. Kocian's charge when she initially visited the agency.

misconceives the relationship between state and federal enforcement of Title VII, I respectfully dissent.

The majority concludes without further inquiry that since neither plaintiff nor the EEOC ever filed her charge with the Delaware Department of Labor, plaintiff's remedy is barred by a 180 day statute of limitations, implicitly holding that the filing regulations existing in 1980, which did not obligate the EEOC to defer a charge where the state or local filing period had run, absolve the EEOC of responsibility for its failure to defer to Delaware's 706 agency.[1] Inspection of the 1980 regulations reveals that in deferral states the EEOC was compelled to defer charges initially filed with the federal agency between 180 and 300 days from the last date of discrimination *only* where the charge could also be filed "within the period of limitation of the appropriate 706 agency." 29 C.F.R. § 1601.-13(d) (iii) (1980). It is obvious that had Delaware's statute of limitations been longer than 230 days, the EEOC would have been obligated to defer plaintiff's charge and her federal cause of action would have been timely. Thus, the fortuity of the Delaware legislature's decision to create a limitations period shorter than that devised by Congress in Title VII will operate in this case to foreclose plaintiff's federal remedy. But this is precisely what the Supreme Court has held to be impermissible.

In *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Court unequivocally stated that federal remedies are not to be consigned to the " 'vagaries of diverse state limitations statutes.' " *Id.* at 763, 99 S.Ct. at 2075 (quoting *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 371, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977)). Speaking with specific reference to the Age Discrimination in Employment Act, a statute to be given parallel construction with Title VII, see maj. op. at 752 n. 3, the Court stated: "The structure of the ADEA [Title VII] reinforces the conclusion that . . . state limitations periods cannot govern the efficacy of the federal remedy." *Id.* 441 U.S. at 762, 99 S.Ct. at 2074. The 1980 filing regulations ignored this command by conditioning EEOC mandatory deferral on the length of a particular state's filing period.

The EEOC recognized the defects in the 1980 regulations in light of *Oscar Mayer* and *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), and so corrected them. *See* 45 Fed.Reg. 81040 (1980); 46 Fed.Reg. 43037 (1981). Effective December 9, 1980, a plaintiff in a deferral state need only file with the EEOC within 240 days of the last violation to ensure preserving her federal remedy, for the EEOC is now obligated to defer in *all* cases, not simply where the 706 agency happens to operate on a filing schedule coextensive with Congress' scheme. 29 C.F.R. § 1601.-13(a)(3) (1982); see *Mohasco Corp.,* 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16. While the majority places unshakeable reliance on the fact that the new regulations were not in effect until December 9, 1980—slightly over two months after plaintiff filed her charge with the EEOC on October 3, 1980— the significant events in this case are the Supreme Court decisions in *Oscar Mayer* and *Mohasco Corp.,* which provided the reasons for the EEOC's promulgation of new

---

1. The majority suggests that the issue of plaintiff's failure to file her charge with the appropriate state agency is not before us as an independent ground for affirmance, since defendant did not raise this argument below. Maj. op. at 750 n. 1. Thus, the majority frames its analysis with the consideration of whether the "applicable" statute of limitations in this case is 180 or 300 days, concluding that the failure to defer precluded the triggering of the 120 day "extension" period available to those who initiate proceedings with the 706 agency. Sections 706(c) and (e), however, make clear that the statute of limitations for those in a deferral state is 300 days, and that commencement of proceedings with the state or local agency is a jurisdictional requirement, not an event by which grievants may define the relevant limitations period for themselves. 42 U.S.C. § 2000e–5(c), (e). The longer filing period in deferral states is a statutory entitlement not a benefit evoked or foreclosed depending on whether or not the grievant filed properly. The majority's description of the operative statute of limitations in this case as 180 days obstructs a reasoned response to the question of whether the EEOC's failure to defer here is an acceptable basis for denying plaintiff an opportunity to have her case heard on the merits.

regulations, and which both predated October 3, 1980.

Plaintiff should not be deprived of a Title VII remedy merely because the EEOC at one time saw fit to be guided by the idiosyncracies of Delaware law. Courts have repeatedly prevented errors committed by the EEOC from operating to the detriment of Title VII grievants. *E.g., Roberts v. Arizona Board of Regents,* 661 F.2d 796, 800 (9th Cir.1981); *White v. Dallas Independent School District,* 581 F.2d 556, 562 (5th Cir. 1978). This court has recognized that Title VII establishes a remedial scheme whose jurisdictional requirements are to be construed liberally in favor of possible discrimination victims. *See Glus v. G.C. Murphy Co.,* 562 F.2d 880, 887–88 (3d Cir.1977), *appeal after remand,* 629 F.2d 248 (3d Cir. 1980), *vacated on other grounds sub nom. Retail, Wholesale & Department Store Union v. G.C. Murphy Co.,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981). In this case, where the EEOC failed to defer, pursuant to regulations that were faulty in theory and in operation, I would not turn plaintiff away.[2]

---

**2.** While it is true that plaintiff argued below that the EEOC complied with its own regulations, *see* maj. op. at 752 n. 5, the point is that those regulations were themselves defective. Plaintiff did raise this latter argument before the lower court. *See* Plaintiff's Memorandum in Response to Defendant's Memorandum in Support of Summary Judgment at 3, 5 (App. at 40a, 42a).