**Neil A. GABRIELLE, Plaintiff,**

v.

**BARRETT, HAENTJENS & CO. and Walter D. Haentjens, individually and as president of Barrett, Haentjens & Co., Defendants.**

**Civ. No. 86–0475.**

United States District Court,
M.D. Pennsylvania.

Nov. 10, 1986.

---

See also, 663 F.Supp. 1184.

---

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff instituted this action pursuant to the Age Discrimination in Employment Act of 1967 (ADEA) on April 2, 1986. Defendants filed a Motion to Dismiss and/or for Summary Judgment and a brief in support thereof on June 30, 1986. Pursuant to a Motion for an Extension of Time, plaintiff opposed the motion on August 15, 1986. Defendants replied on August 25, 1986. A conference in this matter was held on September 25, 1986, at which arguments on the motion were heard. Pursuant to the parties' request, the motion was held in abeyance. The court was notified on October 23, 1986, that the parties wished the court to proceed to decide the motion. Accordingly, the matter is ripe for disposition. For the reasons set forth below, defendants' Motion to Dismiss and/or for Summary Judgment will be denied.[1]

## FACTUAL BACKGROUND

In the complaint, plaintiff contends that he was advised of his involuntary retirement from his position as Foundry and Pattern Shop Superintendent on or about April 2, 1984. *See* Document 1 of the Record at ¶ 9. Plaintiff alleges that defendants' acts constitute unlawful discrimination in violation of the ADEA. According to the complaint, a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) was filed so that the prerequisites for bringing suit pursuant to the ADEA were met. *Id.* at ¶¶ 15 and 16.

In their Motion, defendants contend that plaintiff's charge, filed with the EEOC two hundred and eighty-four (284) days after the occurrence of the incident giving rise to his claim of age discrimination, is untimely. In so doing, defendants aver that plaintiff does not receive the three hundred (300) day extension within which to file a claim with the EEOC because he did not file a charge with the Pennsylvania Human Relations Commission (PHRC). Moreover, defendants maintain that since no charge was filed with the PHRC this court is without jurisdiction to entertain the complaint because pursuant to the ADEA no complaint may be filed in federal court until sixty (60) days elapse after a charge is filed with the appropriate state agency. *See* 29 U.S.C. § 633.

The parties apparently agree that plaintiff was informed of his "termination" on April 2, 1984. *See* Document 4 of the Record at 3 and Document 8 of the Record

---

[1]. The court recognizes that defendants filed a second Motion for Summary Judgment and a brief in support thereof on August 27, 1986. *See* Document 11 of the Record. This motion was predicated on different grounds than the present motion and was disposed of in a separate Memorandum and Order.

at ¶ 5. Furthermore, the parties agree that plaintiff filed a charge with the EEOC on January 11, 1985, which charge was dated December 29, 1984.[2] Finally, it is conceded that Pennsylvania is a deferral state for purposes of the ADEA.

The court finds that defendants' contentions are interrelated for purposes of this motion. That is, the issue is whether plaintiff's charge filed with the EEOC within three hundred (300) days is timely.

The affidavit of Neil Sullivan, Assistant to the Director of the PHRC Compliance Division, indicates that no formal proceedings or complaints were received by the PHRC involving plaintiff's case. The records reveal, however, that on February 14, 1985, the PHRC received notification from EEOC that plaintiff filed a charge with the EEOC alleging age discrimination and that, pursuant to a worksharing agreement between EEOC and PHRC, the charge was to be initially processed by EEOC. *See* Document 4 of the Record—Exhibit 1 at ¶ 5. While plaintiff admits not filing a charge directly with the PHRC, he contends that his filing with the EEOC constituted a filing with PHRC under a worksharing agreement between EEOC and PHRC. Moreover, plaintiff claims that the doctrine of equitable tolling applies so that his claim is timely.

## DISCUSSION

For purposes of this motion, the court assumes that the filing date with the EEOC was January 11, 1985. A review of the record discloses that a worksharing agreement was in effect between the PHRC and the EEOC between October 1, 1983 and September 30, 1985. *See* Document 8 of the Record at Exhibit A. The agreement provides: "[I]n order to facilitate the assertion of employment rights, the EEOC and the PHRC each designate the other as its agent for the purpose of receiving charges." *Id.* at 2—subparagraph a. "Each agency will endeavor to forward all appropriate charges to the other agency on a daily basis or as soon as

practicable." *Id.* at subparagraph e. Accordingly, even though this delegation of authority does not include the right of one agency to determine the jurisdiction of the other agency, the agreement clearly provides that each agency shall act as the agent of the other for the purpose of receiving charges and that all appropriate charges will be forwarded to the other agency on a daily basis or as soon as practicable. As previously noted, however, EEOC did not forward plaintiff's charge to the PHRC "on a daily basis or as soon as practicable", which would have made the charge timely, but waited instead approximately thirty-five (35) days to do so which was three hundred nineteen (319) days after plaintiff's termination.

In pertinent part, the EEOC's own regulations provide:

> When a worksharing agreement with a State agency is in effect, the State agency will act on certain charges and the Commission will promptly process charges which the State agency does not pursue. *Charges received by one agency under the agreement shall be deemed received by the other agency for purposes of § 1626.7.*

29 CFR § 1626.10(c). (emphasis added). Section 1626.7 of those same regulations concerns the timeliness of charges.

In their reply memorandum, defendants concede that if this court finds that the worksharing agreement provisions modify the filing requirements with the PHRC, then plaintiff's charge was timely. It is defendants' position that the worksharing agreement and the EEOC's regulations cannot change the congressional intent that plaintiff's charge be directly filed with the state agency. In support of their position, defendants cite *Dixon v. Westinghouse Electric Corp.,* 787 F.2d 943 (4th Cir.1986), *cert. filed,* 55 U.S.L.W. 3115 (July 9, 1986).

In *Dixon,* a case brought pursuant to Title VII rather than the ADEA, the court found that the EEOC's transmittal of a charge to a state human relations commis-

---

2. Because January 11, 1985, is within three hundred (300) days, the court need not decide if, in fact, the charge was filed on an earlier date. *Bihler v. Singer Co.,* 710 F.2d 96 (3d Cir.1983).

sion was for informational purposes only and did not constitute an "initially instituted" charge within the meaning of the statute. *Id.* at 946. *See also Hamel v. Prudential Insurance Co.,* 640 F.Supp. 103 (D.Mass.1986) (worksharing agreement did not give claimant three hundred (300) days after transfer of charge from federal commission to state commission). *But see EEOC v. Commercial Office Products Co.,* 803 F.2d 581 (10th Cir.1986) (when a complainant files a charge with EEOC, a subsequent deferral of the charge to a state agency is an initial filing in that state agency sufficient to invoke the three hundred (300) day limitation period for Title VII; disagreeing with rationale in *Dixon*). As stated, however, both *Dixon* and *Hamel* were brought pursuant to Title VII. As one court has recognized, it is at least a substantial question as to whether the *Dixon* rationale applies in the ADEA context.[3] *See Borowski v. Vitro Corp.,* 634 F.Supp. 252, 256 n. 3 (D.Md.1986).

The court agrees with the Tenth Circuit's rationale and finds that equitable consider-

ations operate to modify the filing requirements this case. *See Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). In *Bonham,* the court construed the one hundred eighty (180) day filing requirement in the nature of a statute of limitations and held that tolling and equitable modification principles apply. *Id.* at 193. In this case, plaintiff avers that he timely asserted his rights mistakenly in the wrong forum. *See Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748 (3d Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983).

Indeed, it may be that plaintiff's initiation of his claim in the EEOC, rather than the PHRC, was a mistake for which equitable principles may apply.[4] Whatever the characterization[5], however, plaintiff was prevented from properly asserting his rights in a timely manner.

In *Kocian,* the court recognized that, "... if the EEOC's conduct actually misled

---

3. Similarly, *Schier v. Temple University,* 576 F.Supp. 1569 (E.D.Pa.), *aff'd on other grounds,* 742 F.2d 94 (3d Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985), involved a Title VII claim. Judge Pollak, after discussing the so-called two hundred-forty (240) day rule set forth in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), stated that a complaint filed with EEOC two hundred ninety-nine (299) days after the complained of act was untimely where the complainant did not file a charge with the appropriate state agency. In *Schier,* however, plaintiff acknowledged that the complaint was untimely and, as discussed, no ADEA claim was presented. Moreover, the applicability of a worksharing agreement between EEOC and the PHRC and the EEOC's own regulations were not discussed. *See also Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748 (3d Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983) (Title VII case; at relevant time EEOC was *not* required to defer complaint to state agency; if proceeding not initially instituted in state agency, plaintiff is not entitled to three hundred (300) day limitation period). A critical fact in *Kocian* was that EEOC was not obligated by existing regulations to defer plaintiff's charge to the state agency. As the court indicated, cases where the failure to defer is attributable to the EEOC's failure to follow its own regulations present "quite a different scenario." *Id.* at 752 n. 6 (citing *Sharpe v. Philadelphia Housing Authority,* 693 F.2d 24 (3d Cir.1982)).

4. It appears that plaintiff initially did go to the PHRC within ninety (90) days, but did not file a claim. Subsequently, he returned to the PHRC, but because it was greater than ninety (90) days after his termination, he proceeded directly to the EEOC, believing that it would be fruitless to file a PHRC claim after the PHRC's statute of limitations had run. In fact, when filing the charge with the EEOC no indication was given plaintiff that further filings with PHRC were necessary. Although these observations are made only on the basis of plaintiff's counsel's representations at oral argument, the court does not rely on them expressly in this Memorandum. In any event, it may be that plaintiff, who apparently was not represented by counsel at the time, filed in the wrong forum and was not advised otherwise by the EEOC or the PHRC.

5. In *Kocian v. Getty Refining & Marketing Co., supra,* our Court of Appeals specified three (3) principal, though not exclusive, situations where equitable tolling may be appropriate. *Id.* at 753. They are:
   (1) the defendant has actively misled the plaintiff
   (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or
   (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.
   *Id.*

Ms. Kocian to delay her filing, those beliefs and actions may justify equitable tolling." *Id.* at 754 n. 9. The court finds that plaintiff is entitled to rely on the worksharing agreement and the EEOC's own regulations in filing his discrimination charge in this case. Plaintiff cannot be faulted for the EEOC's failure to comply with the worksharing agreement and their own regulations. Defendants concede that plaintiff's charge would have been timely had the EEOC transmitted the charge to the PHRC within three hundred (300) days of the complained of action. *See EEOC v. Commercial Office Products Co., supra* (EEOC deferred charge to state agency *via* a charge transmittal form on two hundred-ninety second (292) day; charge initially instituted in state agency timely pursuant to filing requirements in Title VII). While in this case the EEOC did not transmit the charge filed on January 11, 1985 until February 14, 1985, beyond the three hundred (300) day time limit, the charge would have been timely had the EEOC transmitted the complaint pursuant to the worksharing agreement and the EEOC's regulations.

Pursuant to *Kocian*, the EEOC's actions justify equitable tolling against the defendant in this case. Our Court of Appeals has rejected a plaintiff's argument that EEOC's failure to defer her charge constituted grounds for equitable tolling. *Kocian v. Getty Refining & Marketing Co., supra*, at 753 n. 8. In so doing, however, the court recognized that EEOC *did follow* its regulations concerning deferral of charges in that case. *Id.* Moreover, there was no indication in *Kocian* that EEOC misled plaintiff into thinking that EEOC would defer her charge or that plaintiff relied on EEOC to make that deferral. *Id.* As discussed, in this case EEOC failed to follow its own regulations and plaintiff relied on EEOC to properly process his charge and refer it to the PHRC. *See supra* at 1190 n. 3.

Moreover, the facts indicate that plaintiff filed his charge with the EEOC *pro se. See* Plaintiff's Statement of Material Facts, Document 8 of the Record at ¶¶ 6 and 7. Indeed, in referring to a typed summary of pertinent events he prepared, plaintiff testified:

> A. This is the document that I gave to Philadelphia, I don't know what you call it, Human Relations Board. They wanted me to state exactly what took place and what happened.

Deposition of Neil M. Gabrielle, Document 12 of the Record at 45. While plaintiff refers to the Human Relations Board, this typed summary apparently was left with EEOC. As the court in *Kocian* recognized, equitable tolling is particularly appropriate in cases involving lay persons unfamiliar with the complexities of administrative procedures. *Kocian v. Getty Refining & Marketing Co., supra*, at 755.

Similarly, in *Seredinski v. Clifton Precision Products Co.*, 776 F.2d 56 (3d Cir. 1985), our Court of Appeals found that an ADEA claim was timely filed when plaintiff filed the charge with the EEOC within three hundred (300) days of the alleged unlawful retaliation. *Id.* at 63. While the court found that plaintiff's Title VII claims were time barred, it did recognize that the failure of EEOC to follow its own regulations and refer charges to an appropriate state agency for filing will not deprive complainants of their right to proceed before the EEOC. *Id.* at 61 n. 7 (citation omitted).

In *Seredinski*, plaintiff filed a charge with the EEOC alleging that her salary was reduced in retaliation for a charge of discrimination she previously filed with the PHRC. It did not appear that plaintiff filed the second charge with the PHRC and it was unclear whether the EEOC deferred the charge to the state agency as required by its own regulations. *Id.* at 58. As stated, the court found that the ADEA claim was timely filed. The facts of this case are strikingly similar, although in this case, unlike *Seredinski*, there is documentary evidence demonstrating that the EEOC did not defer the charge to PHRC until after the three hundred (300) days elapsed. *See id.* at 58 n. 2.

As stated, defendants conceded at oral argument that if the EEOC had notified the PHRC within three hundred (300) days, the claim would be timely. *See* Document

4 of the Record at 4 n. 2. Accordingly, defendants rely on the fact that the EEOC did not transmit the charge to the PHRC within the three hundred (300) days even though the charge was filed with the EEOC before the three hundred (300) days had expired. Thus, defendants would have the court penalize plaintiff for the EEOC's failure to comply with the worksharing agreement and its own regulations.

In *Sharpe v. Philadelphia Housing Authority*, 693 F.2d 24 (3d Cir.1982), plaintiff filed a charge of discrimination pursuant to the ADEA with the EEOC on July 1, 1981. Suit in federal court was commenced on August 14, 1981. The court of appeals found that plaintiff could not assert any claims under the ADEA for discrimination which took place prior to September 5, 1980, three hundred (300) days before plaintiff's July 1, 1981, filing with EEOC. In so doing, however, the court stated:

> We agree with the district court that '[s]ince EEOC regulations require that all complaints of discrimination received by the Agency must be forwarded immediately to appropriate state agencies, deference to deferral state administrative procedures would appear to be automatic.' App. 16. Because the defendant has not challenged the district court's presumption, *and because the plaintiff would, if necessary, have the opportunity on remand to cure any failure on the part of the EEOC to forward the complaint to the appropriate state agency, see Oscar Mayer & Co. v. Evans, supra* note 1, 441 U.S. at 764–65, 99 S.Ct. at 2075–2076, we will assume that the Pennsylvania Human Rights Commission did indeed receive the plaintiff's administrative charge pursuant to the EEOC regulations.

*Id.* at 26 n. 3 (emphasis added).

Consequently, our court of appeals in that case would have permitted plaintiff to cure EEOC's failure to forward his complaint to the appropriate state agency. Likewise, in this case, plaintiff automatically should not be precluded from bringing his claim because of the EEOC's failure to comply with the worksharing agreement and its own regulations. In *Nogar v. Henry F. Teichmann, Inc.*, 640 F.Supp. 365 (W.D.Pa.1985), *aff'd*, 800 F.2d 1137 (1986), the court recognized that where a claimant files initially with the EEOC rather than the state agency, the EEOC must refer the charges to the state agency. *Id.* at 369 (citing 29 C.F.R. § 1601.13 (1985)). "The EEOC referral entitles the claimant to the 300–day extended filing period provided in § 626 even though filing is untimely under state law." *Id.* (citations omitted). Furthermore, as to the requirement that the complaint not be filed before sixty (60) days have elapsed after termination of state proceedings, the United States Supreme Court has held that suspension of proceedings is preferable to dismissal with leave to refile. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765 n. 13, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979).

At least one Court of Appeals believes that *Oscar Mayer* did not lay down a *per se* rule of "waiver" or "tolling" by reason of agency fault. *Cornett v. AVCO Financial Services*, 792 F.2d 447, 450 (4th Cir.1986). Instead, *Oscar Mayer* must be read to authorize, though not compel, comparable extensions of relief when circumstances warrant. *Id.* Unlike the court in *Cornett*, however, this court finds in its discretion that plaintiff should be accorded relief similar to that granted in *Oscar Mayer*.

Thus, even if a filing date of January 11, 1985 is taken as correct, plaintiff filed a charge with the EEOC within three hundred (300) days. A charge filed with the EEOC within three hundred (300) days, then referred to a state agency, satisfies the requirements that the EEOC receive the charge within three hundred (300) days. *See Wein v. Westinghouse Electric Corp.*, No. 85–0564, slip op. (E.D.Pa., Oct. 2, 1986) [Available on WESTLAW, DCT database]. In accordance with *Sharpe, Seredinski* and *Oscar Mayer*, a charge filed with the EEOC may be submitted to the PHRC after the state agency's limitation period has expired. The court will not penalize plaintiff in this case for agency actions beyond plaintiff's control. *See also Bihler v. Singer Co., supra*, at 99 n. 7 (no implication that jurisdiction of court is predicated on

EEOC's actually taking action on a charge; such a holding would establish a prerequisite to suit beyond a prospective plaintiff's control and therefore would be contrary to the spirit and purpose of the Act).

In sum, it may be questionable whether the *Dixon* rationale as it pertains to Title VII cases applies to cases pursuant to the ADEA. In any event, the court will not dismiss plaintiff's complaint as untimely. Pursuant to our Court of Appeals instructions in *Sharpe*, in the circumstances of this case, plaintiff would be given the opportunity to cure the failure on the part of the EEOC to forward the complaint to the PHRC. In this case, the EEOC did transmit the charge to the PHRC on February 14, 1985, whereby EEOC decided to initially process the charge. *See supra* at 1189. Although referred to the PHRC beyond the three hundred (300) day time period, equitable considerations require that the court construe the claim as timely filed. Accordingly, defendants' Motion for Summary Judgment will be denied.

An appropriate Order will enter.