792 F.2d 447
 40 Fair Empl.Prac.Cas. 1763,
40 Empl. Prac. Dec. P 36,306
Jack CORNETT, Appellant,
v.
AVCO FINANCIAL SERVICES, ONE, Inc., a corporation, and AVCO
Financial Services, Inc., a corporation, and AVCO
Financial Services Management Inc., a
corporation, Appellees.
 No. 84-2120.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 4, 1985.
Decided June 6, 1986.
 
 John Boettner, Jr. (Boettner & Clark, Charleston, W.Va., on brief), for appellant.
 Charles M. Surber, Jr. (Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for appellees.
 Before PHILLIPS and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 Jack Cornett appeals the dismissal of his claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 to Sec. 634. The district court held that Cornett's failure to commence state age discrimination proceedings in the proper state forum violated 29 U.S.C. Sec. 633(b), which requires that in states with agencies empowered to remedy age discrimination, a claimant may not bring an ADEA suit until sixty days after commencing a proceeding with that state agency. Cornett challenges this ruling on the basis that the Equal Employment Opportunity Commission's (EEOC) mistake in referring his charge to an improper state agency should not be charged against him.
 
 
 2
 We disagree, and affirm. We agree with the district court that under the ADEA, Cornett was required to commence state proceedings in West Virginia, and that the deferral of his claim to California did not satisfy the ADEA's requirement. We further conclude that the district court did not abuse its discretion in failing under the circumstances to waive the state proceeding requirement because of the EEOC's erroneous deferral of Cornett's claim to the wrong state.
 
 
 3
 * Cornett was employed by AVCO Financial Services Management Company as branch manager of its Huntington, West Virginia, office, from 1959 until his discharge in August of 1978. In that same month, Cornett filed a charge of discrimination with the United States Labor Department at its West Virginia office, alleging discharge because of his age. The Labor Department transferred Cornett's charge to the EEOC as required by presidential Reorganization Plan Number 1 of 1978. In January of 1980, the EEOC forwarded the complaint to its Philadelphia office, because AVCO was located within that office's geographical jurisdiction. The EEOC Philadelphia office then referred Cornett's complaint to the Los Angeles, California district office where AVCO has its principal place of business and home office.[1]
 
 
 4
 The Labor Department and the EEOC later advised Cornett that conciliation efforts had been unsuccessful and that they would take no further action on his complaint. Both noted he could proceed as a private litigant. Meanwhile, in October of 1980, the California State Department of Fair Employment and Housing notified Cornett of receipt of his EEOC complaint referred to them by the EEOC Los Angeles office. The letter explained that by filing with the Department, Cornett obtained the right to file a private suit under California law.
 
 
 5
 On August 1, 1980, Cornett and Roy Tully, not a party to this appeal, brought the present action for age discrimination in the District Court for the Southern District of West Virginia. One month later, in its answer to the Tully-Cornett complaint, AVCO raised a number of affirmative defenses, one of which was that Cornett's claims were barred by his failure to have commenced appropriate state proceedings.
 
 
 6
 On June 9, 1982, AVCO filed, among other motions, a motion to dismiss, again raising the commencement of state proceedings defense and included a letter memorandum supporting the motions. AVCO premised the defense upon Cornett's failure to file a state claim in the appropriate state forum, West Virginia, asserting that because the alleged act of discrimination occurred in West Virginia, the California filing clearly did not fulfill the "commencement" requirement of 29 U.S.C. Sec. 633(b).[2] In September of 1982, AVCO again submitted a letter memorandum supporting its motion to dismiss upon those grounds.
 
 
 7
 Two years later, in September of 1984, after settlement of Tully's claim, the district court granted AVCO's motion and dismissed Cornett's action for failure to have commenced state proceedings. The court noted that under Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), an ADEA claimant must file with the appropriate state agency before bringing suit under the Act. The filing of Cornett's claim with the California agency, however, did not satisfy this mandate. Rather, the court held, Cornett should have filed his administrative claim in West Virginia where the alleged act of discrimination occurred.
 
 
 8
 This appeal followed.
 
 II
 
 9
 The only real issue presented is whether the district court erred as a matter of law, or, if not that, abused its discretion, in declining to waive, or treat as "tolled," the state filing requirement and to allow Cornett belatedly to "commence a proceeding" in the proper state, West Virginia, while holding the federal action in abeyance.
 
 
 10
 The district court correctly applied the substantive rule of Oscar Mayer in holding that the commencement of state proceedings requirement of Sec. 633(b) is mandatory and not optional; that it mandated for Cornett commencement of state proceedings in West Virginia; and that Cornett's failure so to proceed legally barred this action.
 
 
 11
 Cornett contends, however, that Oscar Mayer also mandated that under the circumstances of this case, the EEOC's fault in referring Cornett's proceeding to the wrong state, California, entitles Cornett now to the opportunity belatedly to commence a state administrative proceeding in West Virginia to validate his pending federal ADEA action.[3] We do not agree that this relief was compelled--either as a matter of law, or because its withholding was an abuse of discretion under the circumstances.
 
 
 12
 The Oscar Mayer Court did, itself, extend such an opportunity to the claimant in that case, after finding an agency-induced failure to comply with Sec. 633(b) which, absent the relief, would have barred the claim. 441 U.S. at 764, 99 S.Ct. at 2075-74. Cornett seems to suggest that this either established a per se rule of entitlement to comparable relief in any case where agency error causes a failure to comply with Sec. 633(b), or at least sets a standard for discretionary grant of the relief which was here abused.
 
 
 13
 We do not understand Oscar Mayer to have laid down any per se rule of "waiver" or "tolling" by reason of agency fault. We think the Court's extension of relief in that case simply reflected the Court's appreciation of the possible unfairness of applying its just-announced mandatory state-filing interpretation of Sec. 633(b) to the claimant in that case. See 441 U.S. at 765 n. 13, 99 S.Ct. at 2076 n. 13. Certainly, however, the decision must be read to authorize, though not to compel, comparable extensions of relief when the circumstances warrant, as this court has recognized. See Citicorp Person-to-Person Financial Corp. v. Brazell, 658 F.2d 232, 234 (4th Cir.1981) (dictum: nunc pro tunc exhaustion might be appropriate in Title VII case of agency fault). Whether to give the relief must therefore be considered a matter committed to the discretion of the district courts, subject to review for abuse of discretion on appeal.
 
 
 14
 Here, we find no abuse of discretion in the district court's declining to extend comparable relief. Unlike the claimant in Oscar Mayer who was confronted with a newly-announced rule of mandatory commencement of state proceedings only at the Supreme Court level, Cornett was confronted, once the defense was raised in the district court, with a rule already settled and in place. The employer first raised the failure to file state proceedings defense in the fall of 1980. Oscar Mayer had been decided more than a year earlier, in 1979. It then lay with Cornett immediately to seek the formal equitable relief of abeyance of the federal action pending his belated commencement of state proceedings in West Virginia, or simply to commence those proceedings on his own. Either could have been done as a protective measure even if Cornett intended to press his claim that the California filing was, because of multi-state discrimination possibilities, a proper commencement of state proceedings under Sec. 633(b).
 
 
 15
 Had this been done at the earliest opportunity, the West Virginia agency would have been confronted with a claim that had accrued only two years before, in 1978. As things developed, so far as the record discloses, Cornett did not ever voluntarily file in West Virginia nor did he formally seek abeyance of his federal action to permit state processing of a nunc pro tunc filing until the district court announced, or perhaps until it had entered, its dismissal order, in September of 1984. Because the Sec. 633(b) pre-filing requirement is not subject to state limitation provisions, see Oscar Mayer, 441 U.S. at 758-66, 99 S.Ct. at 2072-77, the effect of a permitted nunc pro tunc state filing and accompanying stay of the federal action at the late date requested here would have revived a seven-year-old claim for both state and federal purposes.
 
 
 16
 Granting discretionary relief under these circumstances would fly in the face of one of the principal purposes of the requirement for an initial commencement of state proceedings to encourage expeditious state processing of such claims and thereby avoid the necessity of resort to federal relief. See Oscar Mayer, 441 U.S. at 755, 99 S.Ct. at 2071. Here the loss of any chance for expeditious state consideration is most directly attributable to Cornett's inaction rather than to agency fault.
 
 
 17
 We therefore conclude that the district court did not abuse its discretion in declining to keep Cornett's federal claim alive by allowing a nunc pro tunc commencement of state proceedings while holding the federal action in abeyance.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 The EEOC referred the charge to the California agency pursuant to 29 C.F.R. Sec. 1601.12(b)(1). This regulation stipulates that when a claimant files a charge with the EEOC, the agency will automatically refer the complaint to the appropriate deferral state agency for exhaustion of state remedies unless the complainant directs otherwise. Cornett did not direct otherwise. The EEOC filed with the California agency based on the possibility of a multi-state discrimination allegation
 
 
 [2]
 29 U.S.C. Sec. 633(b) provides that:
 In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: Provided, That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.
 
 
 [3]
 The Oscar Mayer Court permitted the claimant in that case on remand to commence a state proceeding notwithstanding that the federal action had already been filed, directing that the federal action be held in abeyance for at least sixty days to allow the state to process the claim if it desired to do so. 441 U.S. at 764-65, 99 S.Ct. at 2075-76