James SMITH, Plaintiff-Appellant,

v.

GENERAL SCANNING, INC.,
Defendant-Appellee.

No. 86–2951.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1987.
Decided Oct. 22, 1987.

John A. St. Peter, St. Peter Law Office, S.C., Fond de Lac, Wis., for plaintiff-appellant.

Lawrence T. Lynch, Foley & Lardner, Milwaukee, Wis., for defendant-appellee.

Before BAUER, Chief Judge, and WOOD, Circuit Judge, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

James Smith brought an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1982), against his employer, General Scanning, Inc. (GSI), in the United States District Court for the Eastern District of Wisconsin. The district court granted GSI's motion for summary judgment on the ground that Smith had failed to establish a prima facie case of age discrimination, and Smith appealed. Because the appellant did not defer first to state remedies by commencing proceedings under the appropriate state law before bringing suit under the ADEA, we now vacate the decision of the district court and dismiss appellant's claim.

## I

On October 3, 1980, GSI hired appellant Smith, then 57 years old, to be an Applications Engineer/Sales Person in its Eastern Region motor division office in Boston. A year later the company transferred him to the Central Region office in Chicago, as a Sales Engineer, to promote GSI's two basic products, Electro-Optical (laser) Scanners and Electro-Mechanical (strip chart) Recorders. However, Smith was notified by letter dated December 9, 1983, that GSI was closing its Central Region sales office, and that Smith's duties would terminate on December 31, 1983. The reason given for the termination was that GSI was forced to reduce its sales staff "because of a second year of flat sales and reduced profits." Smith was then 60 years old.

Smith filed a charge of age discrimination with the Wisconsin Department of Industry, Labor and Human Relations on June 26, 1984. That agency returned the charge to him for lack of jurisdiction over an employer located in Massachusetts. Thereafter, on September 5 of that year, he submitted the charge to the Boston office of the Equal Employment Opportunity Commission; the EEOC replied that it would not proceed further with its processing of Smith's charge. Smith's third filing was this action, brought in federal district court in Wisconsin on December 6, 1985.

The district court, without addressing the administrative filing requirements of the ADEA, granted GSI's motion for summary judgment on two grounds. It first found that the plaintiff failed to prove an essential element of the prima facie case of age discrimination, qualification for the position.[1] It further found that, even had Smith established a prima facie case, GSI's reasons for its employment decisions were legitimate and nondiscriminatory. Because Smith was unable to show that his employer's reasons were pretextual, he failed in his final burden. Thus, the court granted GSI summary judgment as a matter of law.

This court finds that Smith did not pursue his state remedy properly before filing his complaint in federal court. For this reason, we decline to address the merits of the case, and will consider only Smith's noncompliance with ADEA's filing mandates.

## II

■ The ADEA has established clear prelitigation filing requirements in two statutory provisions, 29 U.S.C. § 626(d) and § 633(b).[2] Together they mandate that a

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The job description for the Sales Engineer position requires that an applicant have a bachelor of science degree. Because Smith admitted in his deposition that he had falsified his re-

sume and in fact did not have the required college degree, the court found that he could not show he was qualified to be a Sales Engineer in any of GSI's remaining offices.

2. 29 U.S.C. § 626(d): No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful

complainant pursue his administrative remedies before filing a civil action.

Section 626(d) requires a charge of unlawful discrimination to be filed first with the Equal Employment Opportunity Commission (EEOC), which then must be allowed at least sixty days to resolve the dispute by conciliation of the parties before an individual can file suit. Moreover, under § 633(b), if the state in which the alleged discriminatory conduct occurred is a "deferral state," i.e., a state with its own age discrimination law and its own agency authorized "to grant or seek relief from such discriminatory practice," then proceedings must be commenced under state law, and the state agency must be given sixty days for mediation and remedy before suit may be brought. Both Illinois, the workplace of the terminated employee, and Massachusetts, the principal place of business of the employer, are deferral states. *See Hadfield v. Mitre Corp.*, 562 F.2d 84 (1st Cir.1977); *Willis v. Berger Transfer & Storage, Inc.*, 529 F.Supp. 279 (N.D.Ill. 1981).

Appellant Smith filed his charge with the EEOC within the extended 300–day federal filing period allowed an aggrieved party alleging a discriminatory act in a deferral state. *Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622, 629 (7th Cir.1985). He also complied with the sixty-day waiting period required under § 626(d). But he never commenced a proceeding with the *appropriate* State authority as mandated by § 633(b).

This court has insisted that an individual defer to the available state remedies and federal administrative methods of dispute resolution prior to initiation of a federal action under the ADEA. *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1109–10 (7th Cir.1984). In a deferral state, the complainant has the full 300–day filing period "so long as he files a state claim." *Anderson v. Illinois Tool Works, Inc.*, 753 F.2d at 625 n. 3. Although the court does not demand that state filing be timely, "plaintiffs are still required to commence state proceedings." *Id. See also Duggan v. Board of Education of East Chicago Heights*, 818 F.2d 1291, 1296 (7th Cir.1987). An individual can file with the state administrative body and the EEOC at the same time, but he *"must file* a charge with the state agency." *Martinez v. United Automobile, Aerospace and Agricultural Implement Workers*, 772 F.2d 348, 351 (7th Cir.1985) (emphasis added).

[T]he purpose of giving a state that has an age discrimination law a chance to respond to any age discrimination claim is to encourage the states to eliminate age discrimination without federal judicial intervention.... The filing of a claim may alert the agency to an unintended gap or ambiguity in the law. This may lead the agency to propose an amendment to the law, or may lead a state court (not necessarily in the same case) to eliminate the gap or ambiguity by interpretation.

discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed
(1) within 180 days after the alleged unlawful practice occurred; or
(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.
29 U.S.C. § 633(b): In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employ-

ment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

*Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1195 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985). Thus, the insistence on prelitigation filing and the sixty-day waiting period allows the appropriate administrative bodies an opportunity to bring about compliance with the Act in nonlitigious ways. *See Cannon v. University of Chicago*, 559 F.2d 1063, 1077 (7th Cir.1976), *reversed in part and remanded on other grounds*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Popkins v. Zagel*, 611 F.Supp. 809, 812–13 (C.D.Ill.1985).

The Supreme Court's definitive analysis of section 633(b) in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1978), makes clear that the provision "was intended to screen from federal courts those discrimination complaints that might be settled to the satisfaction of the grievant in state proceedings." 441 U.S. at 756, 99 S.Ct. at 2071. The Court thus held that "resort to administrative remedies in deferral States by individual claimants is mandatory, not optional." 441 U.S. at 758, 99 S.Ct. at 2072.

Since *Oscar Mayer*, circuit courts have debated whether the administrative procedural requirements of the ADEA are jurisdictional, resulting in automatic dismissal of a civil action upon failure to comply,[3] or whether they are conditions precedent to suit and thus subject to equitable modification. We have held that the requirement of proper administrative filing under the ADEA is not jurisdictional, but rather a condition precedent to suit. *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1111 (7th Cir.1984).[4] In that case, the plaintiff properly filed her charge with the State agency, but then the agency rather than the plaintiff referred the complaint to the EEOC. Reversing the district court's dismissal of the plaintiff's claim for lack of proper filing, we noted that the ADEA was "humanitarian legislation that should not be construed in a hypertechnical manner," 747 F.2d at 1112, and then held that the individual's filing with the state agency, which then acted as her agent in filing her charge with the EEOC, was adequate filing. 747 F.2d 1114.

In *Stearns*, the administrative filings were accomplished, despite the fact that the plaintiff herself did not submit her complaint to the EEOC.[5] In the case presently before us, however, no state agency reviewed the charge made by appellant Smith. It is true that he did file a charge in the wrong state. It is also true that he filed with the EEOC, and that, under EEOC regulations, the federal agency should automatically refer a charge to the relevant State agency. 29 C.F.R. § 1601.12(b)(1). Nothing on the record before us indicates that this referral was made.

The circumstances herein are similar to those found in a Fourth Circuit decision,

---

**3.** Many circuits, including this one, have held that the sixty-day conciliation period is a jurisdictional requirement, and thus that failure to wait the full sixty days must result in dismissal of the lawsuit. *See, e.g., Chapman v. City of Detroit*, 808 F.2d 459, 462 (6th Cir.1986); *Dempsey v. Pacific Bell Co.*, 789 F.2d 1451, 1453 (9th Cir.1986); *McTighe v. Mechanic's Educational Society*, 772 F.2d 210, 213 (6th Cir.1985); *Vance v. Whirlpool Corp.*, 707 F.2d 483, 489 (4th Cir. 1983), *supp. op.*, 716 F.2d 1010 (1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 & 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984); *see Reich v. Dow Badische Co.*, 575 F.2d 363, 367 (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *see also Cannon v. University of Chicago*, 559 F.2d 1063, 1077 (7th Cir.1976) (court stated in dictum that the conciliation period is jurisdictional), *reversed in part and remanded on other grounds*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). Some of these circuits nevertheless allow equitable tolling of the jurisdictional error for excusable ignorance. *See, e.g., Dempsey*, 789 F.2d at 1453; *Vance*, 707 F.2d at 489.

**4.** According to the express language of Congress, this " 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA...." H.R.Conf.Rep. No. 95–950, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad.News 504, 528, 534. *Stearns v. Consolidated Management, Inc.*, 747 F.2d at 1116 (Coffey, J., concurring in part and dissenting in part).

**5.** Judge Coffey dissented, arguing that the plaintiff has not "manifested an intent to activate the [ADEA's] machinery," quoting *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir.1983), and did not provide the EEOC with sufficient information with which it could act. *Stearns*, 747 F.2d at 1116.

*Cornett v. AVCO Financial Services,* 792 F.2d 447 (4th Cir.1986). In *Cornett* the West Virginia plaintiff filed his age discrimination charge with the U.S. Department of Labor in its West Virginia office. The Labor Department transferred it to the EEOC, which reviewed the complaint in Philadelphia (the geographical jurisdiction of the employer's office) and in California (the employer's principal place of business). After an unsuccessful attempt at conciliation, the Labor Department, EEOC, and California State Department of Fair Employment and Housing notified the plaintiff that he could proceed as a private litigant. However, when he did, the district court dismissed his action for failure to commence state proceedings. On appeal the Fourth Circuit affirmed, relying on the *Oscar Mayer* holding that the commencement of state proceedings under section 633(b) is mandatory, and holding that failure to file with the appropriate state agency in the state in which the alleged act of discrimination occurred legally barred his action. 792 F.2d at 449.

The Fourth Circuit weighed the fact that the EEOC had referred the plaintiff's claim to the wrong state, but refused to allow the plaintiff to correct that error by belatedly commencing a state administrative proceeding to validate his pending ADEA action in the district court. Although the Supreme Court, in similar circumstances, did extend such an opportunity to the *Oscar Mayer* plaintiff, 441 U.S. at 764, 99 S.Ct. at 2075, the Fourth Circuit ruled that *Oscar Mayer* did not establish "a *per se* rule of entitlement to comparable relief in any case where agency error causes a failure to comply with § 633(b)." *Cornett,* 792 F.2d at 450. It concluded that the district court did not abuse its discretion in declining to keep the plaintiff's federal claim alive by allowing *nunc pro tunc* commencement of state proceedings while holding the federal action in abeyance. *Id.*

It is clear that an aggrieved employee must assert his claim in the appropriate State agency and the EEOC before he can file an age discrimination claim in federal district court. This appellant was notified that his filing in Wisconsin was inappropriate and ineffective. He has not complied with the administrative filing procedures required by the ADEA under 29 U.S.C. § 633(b).

▆ Because this requisite is a condition precedent to suit, *Stearns,* 747 F.2d at 1111, rather than a jurisdictional requirement, it is subject to equitable modification. *See, e.g., Harris v. Amoco Production Co.,* 768 F.2d 669, 680 (5th Cir.1985) (concerning a Title VII action). Therefore, relief can be granted when the equities of the circumstances warrant. It is the duty of the district court to consider whether an "equitable exception justifies ignoring the precondition." *Settino v. City of Chicago,* 642 F.Supp. 755, 759 (N.D.Ill.1986).

We therefore vacate the judgment of the district court and dismiss the action of appellant Smith for failure to satisfy the state filing requirement of 29 U.S.C. § 633(b). Appellant may choose to file a charge again with the EEOC and state agency, and after sixty days may commence a new action in federal district court. Any complaint refiled by Smith must be filed within ninety days from and after the filing date of this opinion. Because more than 300 days have already passed since the occurrence of the alleged discriminatory practice, he must plead and prove the existence of equitable grounds for tolling the filing requirement.