142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald L. KREN, Plaintiff-Appellant,
v.
City of Springfield, Illinois, a municipal corporation,
Civil Service Commission, Defendant-Appellee.
 No. 97-3897.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 26, 1998*.
Decided Mar. 27, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied April 30, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 97-CV-3256 Richard Mills, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Donald L. Kren brought an action alleging that the Civil Service Commission of Springfield, Illinois, failed to list him as an eligible candidate for promotion because of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. The defendant filed a motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). The district court concluded that Kren's lawsuit was barred for failing to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and, alternatively, was barred by the Rooker-Feldman doctrine because it was an attempt to secure review of a state court decision. The district court dismissed the complaint with prejudice for failure to state a claim. Kren appeals. We affirm.
 
 
 2
 Kren alleges the following facts, which we assume to be true for the purpose of this appeal. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir.1997). In 1988, Kren took a civil service examination for placement on the eligibility list for promotion to the position of battalion chief for the Springfield Fire Department. Kren was 53 years old at the time he took the examination. The Civil Service Commission (Commission), due to the inaccurate grading of his examination, mistakenly informed him that he had failed. Kren filed a lawsuit in state court to obtain administrative review of his test score, which ultimately resulted in an acknowledgment that he had actually passed the examination. Kren then filed another action in state court arguing that the Commission had failed to list him as eligible for promotion. On June 15, 1995, the state court found that the Commission had placed Kren on an amended eligibility list and therefore dismissed his lawsuit as moot.[1] Kren argues that this dismissal was improper and alleges that on June 5, 1995, the Commission submitted to the state court fraudulent documents showing that he was placed on an eligibility list, when in fact the list was not valid. (Loose Pleadings, Motion to Correct the Record, at 2-3, Ex. J.) Kren did not learn of the Commission's alleged fraud until May 22, 1996, when he received his file from his attorney after the state appellate court denied a request for reconsideration. Kren then filed several motions for reconsideration and to correct the record with the Illinois Supreme Court, which were denied.
 
 
 3
 On March 3, 1997, Kren filed charges of age discrimination with the Illinois Human Rights Commission (IHRC) and the EEOC. Both agencies dismissed the charges as untimely and the EEOC issued a right to sue letter.
 
 
 4
 We review a district court's decision to dismiss a complaint for failure to state a claim de novo. Conover v. Lein, 87 F.3d 905, 906-07 (7th Cir.1996). " '[A] complaint [or part of a complaint] should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' Gastineau v. Fleet Mortgage Corp., No. 96-3145, slip op. at 5 (7th Cir. Feb.23, 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "[L]ike the district court, we must take all [of Kren's] ... well-pleaded factual allegations as true and construe them in the light most favorable to [him]."[2] Turner/Ozanne, 111 F.3d at 1319.
 
 
 5
 The ADEA has established clear prelitigation requirements that mandate the pursuit of administrative remedies as a condition precedent to filing a federal action. 29 U.S.C. §§ 626(d), 633(b); Smith v. General Scanning, Inc., 832 F.2d 96, 98 (7th Cir.1987). Illinois is a "deferral state," which means that it is a state with its own age discrimination law and its own agency with "authority to grant or seek relief" for alleged discriminatory practices. 29 U.S.C. § 633(b); see Smith, 832 F.2d at 98. In order to bring an age discrimination claim in federal court when the alleged discrimination occurred in a deferral state, the claimant must file a charge with the EEOC "within 300 days after the alleged unlawful practice occurred ...." 29 U.S.C. § 626(d)(2); see Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir.1995).
 
 
 6
 Kren argues that the age discrimination occurred on June 5, 1995, when the Commission submitted fraudulent documents that showed that he was placed on an eligibility list, when in fact the list was invalid. Even if we accept as true Kren's allegation that the alleged age discrimination did not occur until June 5, 1995, his March 3, 1997 filing with the EEOC was still untimely because it was filed more than 300 days after the alleged discriminatory conduct occurred. However, Kren argues that we should find that the 300-day period was equitably tolled because he did not discover the Commission's fraud until May 22, 1996. The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Court has allowed equitable tolling "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Even considering tolling, the limitations period begins to run when a reasonable person, through due diligence, would believe he may have a cause of action. Thelen, 64 F.3d at 268. Kren fails to set forth any reason why it should have taken him from June 5, 1995, until May 22, 1996, just shy of a full year to discover that he had not actually been placed on the eligibility list. Further, under equitable tolling a court does not grant a claimant "a fresh 300 days to file his charge once he obtains enough information to suspect discrimination; he must file his charge with the EEOC within a reasonable time." Id. Even if we believe that Kren did not discover that he had an age discrimination claim until May 22, 1996, it was not reasonable for him to wait nearly another 300 days to file his EEOC charge on March 3, 1997, and he provides no justification for the delay. Therefore, even considering equitable tolling, the district court did not err in dismissing his complaint because he filed an untimely charge with the EEOC.
 
 
 7
 Additionally, to the extent Kren is challenging a state court ruling, the district court properly determined that his claim is barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district and appellate courts lack subject matter jurisdiction to review claims that are inextricably intertwined with a state court ruling. Garry v. Geils, 82 F.3d 1362, 1365-66 (7th Cir.1996). Kren's attempt to recast his claim as age discrimination and seek review of the state court's ruling that he was placed on an eligibility list cannot circumvent the Rooker-Feldman doctrine. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (" 'a plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights actions" ' (citation omitted)).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Kren's EEOC charge inaccurately states that his lawsuit was dismissed as moot on June 15, 1996. (Appendix at A-5.)
 
 
 [2]
 For the first time on appeal, Kren argues that he was denied due process and equal application of the law. These claims are waived because Kren failed to raise them in the district court. Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir.1997)