

Villanova University School of Law

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2004

# Barnes v. Rozzman

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Barnes v. Rozzman" (2004). *2004 Decisions.* Paper 448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2965

———

CAROL BARNES and MICHAEL BARNES

Appellants,

v.

MICHAEL ROZMAN, JOHN CAPRIOTTI, WILLIAM DIXON,
PSP and JOANNA REYNOLDS,

Appellees.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:cv-01-2396)
District Judge: Hon. Christopher C. Conner

———

Submitted under Third Circuit LAR 34.1(a)
July 2, 2004

Before: AMBRO, ALDISERT and STAPLETON, Circuit Judges.

(Filed: July 30, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write only for the parties who are familiar with the facts, the

procedural history and the contentions presented, we will not recite them except as necessary to the discussion. This appeal by Carol Barnes and her husband, Michael Barnes, requires this court to decide whether there should have been equitable tolling for Barnes' Title VII claims against her superior officers for alleged conduct while she was a civilian employee of the Pennsylvania State Police ("PSP"). The district court dismissed Barnes' complaint on the basis that she did not first exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Relations Commission ("PHRC") as required. We will affirm.

Barnes brought two Title VII claims: one alleging that Major William Dixon, her supervisor, sexually harassed her between the summer of 1988 and November, 1992, and the other alleging that Major John Capriotti, Dixon's successor, retaliated against her for bringing the action. Barnes did not initiate any complaints against the individuals or the PSP in the EEOC or the PHRC.

"The jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC [or PHRC] and the receipt of the Commission's statutory notice of the right to sue." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977) (citation omitted). A potential plaintiff is required to file her charge regarding alleged violations of Title VII with the EEOC or the PHRC "within 300 days from the alleged violation." 29 C.F.R. § 1601.13(a)(4)(ii)(A). The failure to exhaust these administrative remedies is akin to failing to comply with a statute of

2

limitations.  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).

Dixon's alleged harassment ended in November 1992, thus Barnes had until September 26, 1993 to file a charge.  As to her retaliation claims, she maintained that retaliation culminated in her constructive discharge on January 12, 2000, thus giving her until November 8, 2000 to file a charge.  It is undisputed that Barnes never filed a charge with the EEOC or the PHRC regarding either of her claims.

The 300 day statute of limitations can be subject to the doctrine of equitable tolling.  Communication Workers of Am. v. New Jersey Dep't of Pers., 282 F.3d 213, 216-217 (3d Cir. 2002).  However, "[t]he law is clear that the courts must be sparing in their use of equitable tolling."  Seitzinger v. Redding Hosp. and Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).

Equitable tolling may be applicable in circumstances where the defendant actively misled the plaintiff.  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotation and citation omitted).  The district court properly determined that, to invoke equitable tolling, the misleading conduct must occur before the expiration of the limitation period.  Kocian v. Getty Refining & Mktg. Co., 707 F.2d 748, 754-755 (3d Cir. 1983) (overruled on other grounds).

Barnes contends that equitable tolling should apply because the PSP attorney, Joanna Reynolds, actively misled Barnes by telling her that she could not bring a civil action against the PSP or Dixon, pursuant to Dixon's plea agreement for criminal charges

resulting from a harassment complaint filed by a female co-worker of Barnes. Reynolds' allegedly misleading conduct took place in 1996. With respect to any Title VII claim against the PSP or Dixon as a result of Dixon's conduct, the time period for filing an administrative charge had expired almost two years before this alleged statement. With respect to any Title VII claim against the PSP or Capriotti as a result of Capriotti's conduct, Reynolds was not even alleged to have discussed this with Barnes. The district court therefore properly concluded that equitable tolling may not apply.

Finally, the statute of limitations for a claim arising under 42 U.S.C. § 1983 is the state statute of limitations for personal injury actions, which in Pennsylvania is two years. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (citations omitted). The district court properly determined that the statute of limitations for Barnes' Fourteenth Amendment retaliation claim against Capriotti, brought under section 1983, expired prior to the December 17, 2001, filing of the complaint in this matter, as Barnes' last contact with Capriotti was on or before December 12, 1999. And the district court properly concluded that Barnes could not maintain a First Amendment claim against Reynolds because the time period for filing a lawsuit against the PSP and Dixon had expired before Reynolds allegedly told Barnes that she could not sue PSP and Dixon.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.