**Vincent F. GOLLETTI, Plaintiff,**

v.

**ARCO POLYMERS, INC., Defendant.**

Civ. A. No. 82–2749.

United States District Court,
W.D. Pennsylvania.

Oct. 20, 1986.

Stanley M. Stein, Pittsburgh, Pa., for plaintiff.

Charles Kenrick, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In the above action plaintiff filed charges of age discrimination under the ADEA (29 U.S.C. § 621 et seq.) and race discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). Defendant moved for summary judgment on the grounds that plaintiff had failed to file timely charges with the appropriate agencies and the action was therefore time-barred.

After receiving briefs and evidentiary material, the district court (Mansmann, J.) granted summary judgment in favor of defendant. The matter was appealed and in an Opinion and Order the Circuit vacated and remanded, 762 F.2d 993 (3rd Cir.1985).

On remand we requested the submission of additional evidentiary materials to re-evaluate defendant's motion for summary judgment in accord with the Circuit's opinion. Plaintiff submitted a cursory affidavit. Defendant filed nothing. On the record before us we will deny defendant's motion.

We briefly restate those facts necessary for this opinion Plaintiff is a white male, over 65 years old, and has been employed in the employee relations department of a chemical plant since 1950. In June, 1979, he learned that a black male, age 40 had been hired for a position which plaintiff had sought for himself.

Plaintiff complained to the Employee Relations Manager about being passed over, and was told that he, plaintiff, would receive a promotion when the department moved into new quarters in a building yet to be constructed. Based on this promise, plaintiff took no further action but awaited the completion of the department's new offices.

Groundbreaking for the new building occurred in April, 1980, 10 months after the manager's promise. Construction proceeded over the summer until the building's completion in October, 1980.

However, plaintiff's manager was transferred prior to completion of the new build-

ing. In September, 1980, shortly after the new manager's arrival, plaintiff went to speak with his new boss and recount the promise he had received from the previous manager. At that time, the new manager asked plaintiff to refrain from filing any claim with the EEOC until the matter could be worked out.

Where an employer has actively misled a plaintiff, causing him to delay in asserting his rights, the plaintiff will be entitled to an equitable tolling of the limitations period. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748 (3d Cir.1983). There is no question, on the evidence viewed most favorably to plaintiff, that plaintiff received two promises which induced him to refrain from filing a claim with the appropriate agency. The only question is whether plaintiff's delay between those two promises, was so unreasonable in length as to justify summary judgment for defendant. We cannot on this record say that it does.

Plaintiff's superior promised him redress for the alleged discriminatory practice, but tied its timing to the occurrence of a separate event, the completion of the department's new offices. Plaintiff chose to wait patiently for that event, relying on the promise of redress. The closer the building came to completion, the closer plaintiff's promotion seemingly came. Nothing in this record indicates that plaintiff was unjustified in relying on his superior's promise, or that sometime in his year of patient waiting he should have recognized the illusory promise for what it was.

Consequently, we cannot hold as a matter of law that plaintiff is *not* entitled to equitable tolling of the limitations period. This is not to say that the issue is closed. It will be necessary for the court to hear the evidence on this issue prefatory to any trial of the merits in order to decide whether the plaintiff is indeed entitled to equitable tolling.

For the reasons stated above, defendant's motion for summary judgment is denied. The court will set a pre-trial schedule in an appropriate order.