

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Urban v. Bayer Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Urban v. Bayer Corp" (2007). *2007 Decisions.* Paper 531.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/531

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5132
_____

DENISE URBAN,

Appellant

v.

BAYER CORPORATION PHARMACEUTICAL DIVISION

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-01305)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
August 28, 2007

Before: SLOVITER, MCKEE and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed:  August 28, 2007)
_____

OPINION
_____

PER CURIAM

Appellant Denise Urban, proceeding <u>pro</u> <u>se</u>, appeals the entry of summary

judgment in favor of Appellee.  For the reasons that follow, we will affirm.

Appellant alleges that she was terminated from her job as a pharmaceutical sales representative based on her status as a single mother. Appellant bases her claims on her perception that David Cousins, her Division Sales Manager at Bayer Corporation ("Bayer"), changed his behavior toward her once he learned that she was a single mother. Appellant began working at Bayer in September 2000. She alleges that despite the fact that she received numerous awards based on her sales figures, once Cousins learned that she was a single mother, he began to give her negative reviews and to critique her administrative, organizational and communication skills. In July 2002, she was placed on a "Work Plan for Success" which indicated that she needed to improve in three areas: administrative skills, territory management, and sales attainment. Consistent with Bayer's policy, Appellant was given ninety days to address the deficiencies identified in the Plan. Appellant received feedback regarding her progress over the next few months and, at the end of the ninety days, showed improvement in sales attainment, but not in the remaining categories. On October 29, 2002, she was placed on a sixty-day Final Work Improvement Plan. At the conclusion of that time period, Appellant's Final Plan was extended for an additional thirty days. By that time, Cousins had been replaced by a new Division Sales Manager, John Daly. Based on Daly's conclusions that she had failed to improve in the required areas, the decision was made to terminate Appellant's employment.

On February 12, 2004, Appellant filed a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Appellant then initiated the

underlying employment discrimination lawsuit on March 4, 2005 in the United States

District Court for the District of New Jersey. Following a period of discovery, Appellee

moved for summary judgment, arguing that because Appellant failed to timely file a

charge with the EEOC, her federal claim of discrimination is time-barred. The District

Court agreed and, after concluding that Appellant was not entitled to equitable tolling,

entered summary judgment in favor of Appellee.[1] Appellant timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of

the District Court's grant of summary judgment is plenary, and we apply the same

standard the District Court applied. Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d

250, 253 (3d Cir. 2004). Summary judgment is proper only if it appears "that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d

Cir. 2002).

Under Title VII, before a claimant may bring suit in federal court, she must

exhaust her administrative remedies. See Robinson v. Dalton, 107 F.3d 1018, 1020-21

(3d Cir. 1997). In this case, the required administrative remedy was the timely filing of a

complaint with the EEOC. In Pennsylvania, a verified charge must be filed with the

---

[1]Despite its conclusion that Appellant's discrimination claim was time-barred, the District Court proceeded to analyze it on the merits, concluding that Appellant had not produced sufficient evidence to demonstrate that Bayer's decision to terminate her employment was based in whole or in part her status as a single mother, and therefore could not withstand Appellee's motion for summary judgment. Because we agree that Appellant's claim is time-barred, we do not reach its merits.

3

EEOC within 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1); see also Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). For the purposes of filing a charge alleging unlawful termination, the limitations period is measured from the date on which the employee was advised of her termination, and not from her last day of employment. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980); Watson, 235 F.3d at 855.

Appellee claims that Appellant was unequivocally informed of her discharge on February 21, 2003, and that her termination was effective on March 7, 2003. In the charge she filed with the EEOC, Appellant alleged that she was terminated on March 3, 2003.[2] Her verified EEOC charge was filed on February 12, 2004. As explained by the District Court, even if Appellant was notified of her termination on March 3, 2003, Appellant's verified EEOC charge, filed on February 12, 2004, was still untimely. In her notice of appeal, Appellant claims that she was discharged on March 14, 2003, which is the date of her last paycheck. However, she does not allege, and there is no basis in the record to believe, that this is the date on which Appellant was first notified of her termination; i.e., the date on which the alleged discriminatory act occurred. See Watson v. Eastman Kodak Co., 235 F.3d 851, 855 (3d Cir. 2000).

In her notice of appeal, Appellant argues that her EEOC charge was filed on

[2]In her notice of appeal, Appellant claims that she was discharged on March 14, 2003, which is the date of her last paycheck. However, she does not allege, and there is no basis in the record to believe, that this is the date on which Appellant was first notified of her termination; i.e., the date on which the alleged discriminatory act occurred. See Watson v. Eastman Kodak Co., 235 F.3d 851, 855 (3d Cir. 2000).

4

December 31, 2003, and is therefore timely. There are several problems with this argument. First, it appears to have been raised for the first time on appeal and is therefore waived. See Bailey v. United Airlines, 279 F.3d 194, 199 n.2 (3d Cir. 2002). Second, the document in question is actually Appellant's Intake Questionnaire, which was faxed to the EEOC on December 31, 2003, and received by mail on January 2, 2003. This document was not, as required under Title VII, verified, see 42 U.S.C. § 2000e-5(b); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006), and accordingly, did not cause the EEOC to initiate its investigation. See id. at 265. It therefore does not constitute a "charge" for the purposes of the 300-day limitations period. See id. Third, even if we were to accept this date as the date of filing with the EEOC, Appellant's complaint would still be untimely. December 31, 2003 is 303 days after March 3, 2003.

On appeal, Appellant argues that the EEOC's issuance of a "Right to Sue" letter conclusively proves that she timely filed her EEOC charge. However, our case law is clear that "the EEOC's belief as to the timeliness of a charge is not determinative." Kocian v. Getty Ref. & Mktg. Co., 707 F.2d 748, 754 n.9 (3d Cir. 1983), overruled on other grounds by Colgan v. Fisher Sci. Co., 935 F.2d 1407, 1414 (3d Cir. 1991) (en banc). In light of the foregoing, we agree with the District Court that Appellant's claim was time-barred and that she failed to demonstrate an entitlement to equitable tolling. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Accordingly, we will affirm the District Court's entry of summary judgment in favor of Appellee.