OPINION OF THE COURT
GREENBERG, Circuit Judge.
This matter comes on before this Court on an appeal from an order of dismissal entered in the District Court on December 19, 2008, under Fed.R.Civ.P. 12(b)(6). Ap *321 pellant, David L. Green, an employee of the Department of the Navy, initiated this action pro se in the District Court against Donald C. Winter, the Secretary of Navy in his official capacity, charging that he, Green, submitted an application to his federal employer for the position of supervisor accountant but that the Department of Navy refused to acknowledge or accept his application “due to plaintiff[’s] race/col- or/sex/reprisal, etc.” App. at 33. Winter moved for summary judgment and the District Court dismissed the action because Green did not respond to Winter’s motion. Green then moved for reconsideration and the District Court granted his motion. Nevertheless, in a December 19, 2008 comprehensive memorandum opinion and accompanying order, the Court granted Winter’s motion to dismiss on the merits. The appeal followed.[1]
The District Court set forth the background of the matter and its reasons for dismissing the action in its memorandum opinion and thus we need not restate at length what the Court said.[2] It is sufficient to point out that the action failed in the District Court for three reasons. First, the Court held that Green did not contact an Equal Employment Opportunity counselor at his agency within 45 days “of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action” as 29 C.F.R. § 1614.105(a)(1) requires. Second, Green did not file a timely notice of appeal with the Equal Employment Opportunity Commission (“EEOC”) following a final order of the Department of the Navy mailed to him on March 2, 2002, after a determination that there had not been discrimination against him. Third, the doctrine of sovereign immunity barred a due process of law complaint that Green brought. We, however, address only the first two points as Green does not challenge the sovereign immunity holding.[3]
Exercising plenary review we see no reason to reject any of the District Court’s conclusions. To start with, Green knew on December 24, 2003, well over 45 *322 days before he contacted an EEOC counselor on February 9, 2004, that his employer did not appoint him to the position he had been seeking, and in his brief he does not deny that he had that knowledge. Rather, he contends that he did not know for another month after December 24, 2003, that he was deprived of the appointment by reason of what he regards as discrimination against him. But the fact remains that he knew in December 2003 that the alleged discriminatory act, i.e., the failure of the Navy to make the appointment he sought, had occurred, and thus he was aware in December 2003 that he had been injured by the Navy’s conduct. Accordingly, 29 C.F.R. § 1614.105(a)(1) bars this action. See Oshiver v. Levin, Fish-bein, Sedran, & Berman, 38 F.3d 1380, 1391 (3d Cir.1994).
We recognize that Green contends that an EEOC counselor advised him on February 20, 2004, not to file a formal complaint. But we do not see why that matters as by that time his 45-day period to contact a counselor had expired. In any event, the counselor only gave Green advice which did not preclude him from filing a formal complaint which, in fact, he did on May 18, 2004.
Furthermore, the District Court correctly concluded that Green’s appeal to the EEOC was untimely. As we set forth above, the Department of the Navy mailed Green a notice on March 2, 2002, that there had not been discrimination against him. He had 30 days plus five days added for receipt of the mail notice to him to appeal from that finding to the EEOC. See 29 C.F.R. § 1614.402(a). Nevertheless, he did not appeal until April 12, 2002, and thus he simply did not meet the deadline for an appeal. While we recognize that the EEOC in its decision affirming the dismissal of Green’s complaint recited that the appeal was “timely,” it did not explain why it believed that to be so. In any event, the appeal was not timely and the EEOC’s statement to the contrary does not make it so or bind us. See Kocian v. Getty Refining & Marketing Co., 707 F.2d 748, 754 n. 9 (3d Cir.1983); superceded on another matter by 29 C.F.R. § 1601.13(a)(4). The situation is no different than when on an appeal a court of appeals determines if a district court had subject matter jurisdiction in the case on appeal. A district court’s conclusion that it had jurisdiction does not bind a court of appeals on an appeal from the district court. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 197 (3d Cir.2007). In any event, even if the EEOC was correct the action still would be barred by reason of Green’s delay in contacting an EEOC counselor.
The order of December 19, 2009, 2008 WL 5273579, will be affirmed.

. The District Court had jurisdiction under 42 U.S.C. § 2000e-16 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal.

. There is some confusion in the record as to what motion the District Court granted after it granted Green's motion for reconsideration. Winter moved for both an order of dismissal and for summary judgment and in its opinion the District Court set forth the standards for consideration of both motions, thereby suggesting that it was granting both a motion to dismiss and a motion for summary judgment. Yet at the outset of its opinion the Court, after reciting that it was considering a "Motion to Dismiss Complaint and/or for Summary Judgment,” indicated that "Defendant’s Motion to Dismiss is granted," app. at 163, and the accompanying order closing the case did not mention summary judgment but stated that "Defendant’s motion to Dismiss in GRANTED.” App. at 178. We, however, will not linger on this point as we are considering the appeal exercising plenary review of the District Court’s opinion and order and, in turn, are considering the case on both the standards for granting motions to dismiss and for summary judgment.

.The District Court denied Green's repeated applications for appointment of an attorney to represent him in orders that he regards as "an abuse of discretion.” Appellant's br. at 9. However, Green does not make a real argument supporting that contention which therefore is not properly before us. See Pennsylvania Dep't of Pub. Welfare v. United States Dep’t of Health and Human Servs., 101 F.3d 939, 945 (3d Cir.1996). In any event, the Court did not abuse its discretion in denying the appointment as Green is an experienced litigator who should have been capable of proceeding pro se. In this regard we point out that the statement of related cases in Winter’s brief lists one appeal to this Court, four district court actions, and seven administrative proceedings before the EEOC.