**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4400
_____

DIANNE HYLAND,
                                        Appellant

v.

SMYRNA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:10-cv-00875)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2015

Before: RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed April 21, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Dianne Hyland appeals pro se from the order of the United States District Court for the District of Delaware granting summary judgment against her in this employment discrimination action. For the reasons that follow, we will affirm.

I.

This case involves allegations brought by Hyland against her long-time employer, Smyrna School District ("Smyrna").[1] In April 2009, she filed a charge of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). Hyland, who is black, claimed that Smyrna had denied her a promotion to a position with benefits because of her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. Code Ann. § 710 et seq. In June 2010, she filed another charge with the DDOL and the EEOC, alleging racial discrimination and retaliation stemming from her decision to file the earlier charge. After the charges were dismissed, Hyland obtained a right-to-sue letter from the EEOC and, in October 2010, filed a pro se complaint against Smyrna in the District Court.[2]

After undertaking discovery, both parties moved the District Court for summary judgment. On September 30, 2014, the District Court issued an opinion addressing those

---

[1] Smyrna hired Hyland in 1990, and she indicated in her merits brief that she is still employed by Smyrna. During the time period relevant to this appeal, Hyland worked in positions in Smyrna's Child Nutrition Program.

[2] Two attorneys entered their appearance on Hyland's behalf in May 2011, but they ultimately withdrew before the summary judgment stage of the case.

motions. The District Court began by explaining that many of Hyland's allegations of racial discrimination were time-barred pursuant to 42 U.S.C. § 2000e-5(e) because the alleged events arose more than 300 days before her first EEOC filing. As for the allegations that were timely, the District Court held as follows: (1) Hyland had not presented evidence from which it could be reasonably found that Smyrna's stated reasons for hiring Kristen Kahl, Alan Voshell, and Ethel Bogia (all of whom are white) for positions with benefits instead of promoting Hyland were a pretext for discrimination; and (2) Hyland had not met her burden of demonstrating even a prima facie claim of discrimination with respect to Smyrna's decision to hire Pam Messick (who is white) for a position with benefits instead of promoting Hyland because Hyland had refused to take the skills test that was required to apply for that position.

The District Court then turned to Hyland's claim that Smyrna had retaliated against her after she filed her first DDOL/EEOC charge. Approximately 10 months after that charge was filed, Smyrna received complaints from two employees that Hyland was engaging in offensive behavior and making racially inappropriate comments. An assistant superintendent and a supervisor in Hyland's department met with Hyland to discuss the complaints. Although a letter was placed in Hyland's employment file to memorialize the meeting, no disciplinary action was taken against her. The District Court concluded that, even assuming Smyrna's response to the employees' complaints constituted an adverse employment action against Hyland, she had not put forth evidence from which a reasonable factfinder could find that there was a causal connection between

3

her first DDOL/EEOC charge and that adverse employment action.

In light of the above, the District Court granted Smyrna's motion for summary judgment and denied Hyland's cross-motion. This timely appeal followed.[3]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard as the district court." S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in h[er] favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks and citation omitted).

We begin with Hyland's claims of racial discrimination under Title VII. First, we agree with the District Court that the claims that are based on alleged events that occurred more than 300 days before Hyland filed her first charge with the EEOC are time-barred. See 42 U.S.C. § 2000e-5(e); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir.

---

[3] The District Court granted Hyland's timely motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5), and Hyland filed her notice of appeal within the time required by that rule.

4

2000) (explaining that 300-day limitation period governs Title VII claims brought by plaintiffs in "deferral" states); Kocian v. Getty Ref. & Mktg. Co., 707 F.2d 748, 751 (3d Cir. 1983) (indicating that Delaware is a deferral state), overruled on other grounds by Colgan v. Fisher Scientific Co., 935 F.2d 1407 (3d Cir. 1991) (en banc). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Because Hyland's time-barred claims indeed concern discrete acts of alleged discrimination, see Mandel v. M&Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013) (stating that the failure to promote is a discrete act), they may not be considered in evaluating her timely discrimination claims. We now turn to those timely claims.

Hyland's discrimination claims are governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008). Under that framework, the plaintiff must first make a prima facie showing of discrimination. Id. If the plaintiff makes that showing, "then an inference of discriminatory motive arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action." Id. If the defendant articulates such a reason, "the inference of discrimination drops and the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely pretext for intentional discrimination." Id. For substantially the reasons provided by the District Court, we find no error in its application of the McDonnell Douglas test to Hyland's Title VII discrimination claims and agree that

5

Smyrna was entitled to summary judgment on those claims.[4]

We also agree with the District Court's decision to grant summary judgment in favor of Smyrna with respect to Hyland's Title VII retaliation claim. "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." EEOC v. Allstate Ins. Co., 778 F.3d 444, 449 (3d Cir. 2015) (internal quotation marks omitted). For substantially the reasons given by the District Court, it correctly concluded that Hyland failed to present sufficient evidence of a causal

---

[4] The District Court liberally construed Hyland's complaint as raising challenges under not only Title VII, but also the DDEA. District courts in this Circuit have disagreed as to whether language in the DDEA prohibits a plaintiff from pursuing relief under both statutes. See 19 Del. Code Ann. § 714(c) ("[The plaintiff] shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A [plaintiff] is barred by this election from filing cases in both [the Delaware] Superior Court and the federal forum."). Compare Brangman v. AstraZeneca, LP, 952 F. Supp. 2d 710, 724 (E.D. Pa. 2013) (concluding that section 714(c) does not bar a plaintiff from bringing both Title VII and DDEA claims in federal court), with Daughtry v. Family Dollar Stores, Inc., 634 F. Supp. 2d 475, 483 n.13 (D. Del. 2009) (concluding that section 714(c) precludes a plaintiff from pursing relief under both Title VII and the DDEA). We need not resolve that split of authority here, for even if Hyland can seek relief under both Title VII and the DDEA, she still would not be able to survive summary judgment on her DDEA claim. The time to file an administrative charge is shorter under the DDEA than under Title VII. See 19 Del. Code Ann. § 712(c)(1) (providing for 120-day time limit rather than 300-day time limit). Furthermore, as the District Court indicated, the evidence needed to prevail under the DDEA is generally the same as that needed to prevail under Title VII. Accordingly, because Hyland's Title VII claims fail, her DDEA claims fail, too.

connection between her first DDOL/EEOC charge and the actions taken by Smyrna in response to the complaints about Hyland to survive summary judgment.[5]

We have considered Hyland's various arguments and conclude that none has merit.[6] Accordingly, we will affirm the District Court's judgment. Smyrna's motion to seal Volume II of its supplemental appendix is granted.

---

[5] Again, because the standards under Title VII and the DDEA are generally the same, Hyland's inability to survive summary judgment under Title VII dooms her claim under the DDEA.

[6] Hyland appears to claim that Smyrna's actions constituted harassment that subjected her to a hostile work environment. But her complaint did not allege a hostile work environment claim, nor did the District Court liberally construe the complaint as raising such a claim. In any event, Hyland has not demonstrated that this claim would survive summary judgment. See Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (explaining that, to establish a hostile work environment claim, a plaintiff must show that "(1) [s]he suffered intentional discrimination because of [her] [race]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected [her]; (4) it would have detrimentally affected a reasonable person of the same protected class in [her] position; and (5) there is a basis for vicarious liability") (certain alterations added and quotation marks omitted). On another note, Hyland's requests to strike certain portions of Smyrna's brief are denied. Contrary to her assertion, Smyrna does not seek to rely on evidence or factual allegations presented for the first time on appeal.

7