**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3901
_____

HOWARD RUBINSKY,
                                        Appellant

v.

AHMED ZAYAT,
also known as EPHRAIM ZAYAT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-01540)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2016

Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Howard Rubinsky appeals pro se from the District Court's orders entering summary judgment against him and denying reconsideration of that ruling. For the reasons that follow, we will affirm those orders.

I.

In March 2014, Rubinsky commenced this action by filing a counseled complaint in the District Court against Ahmed Zayat. The complaint, brought pursuant to the District Court's diversity jurisdiction, see 28 U.S.C. § 1332(a), alleged claims for breach of contract and unjust enrichment. Zayat ultimately moved for summary judgment on several grounds, one of which was that Rubinsky's claims were time-barred under New Jersey's governing six-year statute of limitations, see N.J. Stat. Ann. § 2A:14-1, because they accrued no later than 2005 and expired no later than 2011. In opposing that motion, Rubinsky argued that the claims were timely because they did not actually accrue until April 2008 (just under six years before he filed his complaint). On June 4, 2015, the District Court granted Zayat's motion for summary judgment, rejecting Rubinsky's argument and agreeing with Zayat that the claims were time-barred because they accrued no later than 2005. Rubinsky then timely moved the District Court to reconsider that ruling. On November 2, 2015, the District Court denied reconsideration. Rubinsky, now proceeding pro se, appeals from those two District Court orders.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise

plenary review over the District Court's grant of summary judgment. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted). We review the District Court's denial of reconsideration for abuse of discretion, exercising de novo review over the District Court's legal conclusions and reviewing its factual findings for clear error. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

Rubinsky raises two arguments in support of his challenge to the two District Court orders at issue here. First, he contends that the claims in his complaint were timely filed because the statute of limitations was tolled pursuant to N.J. Stat. Ann. § 2A:14-22 and the doctrine of equitable tolling. Second, he reiterates his argument that his claims are timely because they did not accrue until April 2008. Neither of these arguments entitles him to relief here. Rubinsky's tolling argument has been waived because he did not present it to the District Court in the first instance. See Tri-M Group, LLC v. Sharp,

638 F.3d 406, 416 (3d Cir. 2011).[1]  As for Rubinsky's accrual argument, for substantially the reasons provided by the District Court in its opinions accompanying its two orders, we agree with the District Court that his claims accrued no later than 2005.  Because the six-year limitations period expired well before Rubinsky filed his complaint in 2014, the District Court correctly concluded that his claims were time-barred and that Zayat was entitled to summary judgment.

In light of the above, we will affirm the District Court's June 4, 2015 and November 2, 2015 orders.

---

[1] Even if Rubinsky had preserved his tolling argument, we would reject it on its merits. Section 2A:14-22 provides for tolling of the limitations period if (1) the defendant is not a resident of New Jersey when the claim accrues or he is not residing in New Jersey during the statutory period, and (2) "it appears . . . that, after diligent inquiry and effort, long-arm service cannot be effectuated." N.J. Stat. Ann. § 2A:14-22a. In those circumstances, the limitations period is tolled during the periods of non-residence. See id. Rubinsky avers that Zayat was periodically out of the United States between 2002 and 2005, and that Zayat spent the summer of 2007 in California. Assuming for the sake of argument that these averments warranted tolling the limitations period (1) through the end of 2005, and (2) during the summer of 2007, Rubinsky's 2014 complaint would still be untimely by roughly two years. As for Rubinsky's equitable tolling argument, he has not demonstrated that any of the grounds for that relief are present in this case. See F.H.U. v. A.C.U., 48 A.3d 1130, 1145 (N.J. Super. Ct. App. Div. 2012) (explaining that "[e]quitable tolling is traditionally reserved for limited occasions," including when (1) "the defendant has actively misled the plaintiff," (2) "the plaintiff has in some extraordinary way been prevented from asserting his rights," or (3) "the plaintiff has timely asserted his rights mistakenly in the wrong forum") (certain quotation marks omitted) (quoting Kocian v. Getty Ref. & Mktg. Co., 707 F.2d 748, 753 (3d Cir. 1983)).